THE STEPHENS COMPANY v. JACOB BINDER, JR., ET AL.

(Filed 12 February, 1930.)

**Deeds and Conveyances C g—In this case held: development company was not bound by restrictions in deeds to purchasers.**

The mere fact that a development company has made and registered a map of lands showing its division into streets and lots of a certain size, and has conveyed some of the lots by deeds referring to the map and containing restrictions as to the size of the lots, is not alone sufficient evidence of a general scheme or plan to include the remaining lots within the restrictive clauses of the conveyances or to create a right or easement in the absence of express or implied covenants to this effect, and an order restraining the development company from dividing and selling the remaining lands into lots of a smaller size will not lie.

APPEAL by defendants from *Shaw, J.,* at September Term, 1929, of MECKLENBURG. No error.

Action to determine the validity of the claims of defendants, that each has the right, as the owner of a lot included within Block 26, Myers Park, claiming title thereto under plaintiff, to enjoin plaintiff from dividing for purposes of sale that portion of said block, which is included within lots numbered 10 to 20, as shown on a map of Block 26, Myers Park, recorded in the office of the register of deeds of Mecklenburg County, and now owned by plaintiff, into lots of less frontage than 100 feet, and of less area than one-half an acre, and also from changing the location of certain streets shown on said map.

Plaintiff alleges that the claim of defendants are clouds upon its title to said land, and prays that it be adjudged that said claims are invalid.

Defendants allege that Block 26, Myers Park, was platted and mapped by plaintiff, the owner thereof, under a general scheme or plan for its development as a high-class residential section, and that said general plan or scheme is shown by the map of Block 26, Myers Park, which plaintiff caused to be made and recorded, prior to its conveyance of the lots now owned by defendants. Defendants contend that they each have the right to enjoin plaintiff from conveying any lots included in said Block 26, contrary to the said general plan or scheme, as shown by said map.

The issue submitted to the jury was answered as follows: "Have the defendants a right to prevent plaintiff from subdividing that part of Block 26, embraced in lots Nos. 10 to 20 inclusive, into lots of less than 100 feet frontage, and less than one-half acre in size, and also from changing the location of 'A Road' and that part of 'Q Road,' on the east side of Block 26? Answer: No."

In accordance with the verdict, it was considered, ordered and adjudged "that plaintiff is the owner of that part of Block 26, of Myers Park embraced in lots 10 to 20, inclusive, as shown by map recorded in Map Book No. 230, at page 276, in the office of the register of deeds of Mecklenburg County, and that the defendants have no rights to prevent the plaintiff from subdividing said land into lots with a less frontage than 100 feet, and a less area than one-half acre, and no right to prevent the plaintiff from altering the location of 'A Road,' and that part of 'Q Road' that lies on the east side of Block 26."

From the judgment rendered, the defendants appealed to the Supreme Court.

*Whitlock, Dockery & Shaw and Taliaferro & Clarkson for plaintiff. H. L. Taylor for defendants.*

CONNOR, J.   On or about 1 January, 1913, plaintiff, a corporation, owned in fee simple, a parcel of land, containing about 15 acres, located within the boundaries of Myers Park, a suburb of the city of Charlotte, N. C.   It caused a map of said parcel of land to be made, and recorded in the office of the register of deeds of Mecklenburg County.   On this map the said parcel of land is designated as Block 26, Myers Park.   The map shows said parcel of land divided into twenty lots, nine of said lots fronting on the "Boulevard," and the remaining eleven lots, number 10 to 20, fronting on "Q Road" and "A Road."   Each of the twenty lots as shown on said map, has a frontage of not less than 100 feet, and an area of lot less than one-half an acre.

After the said map was recorded, plaintiff sold and conveyed the nine lots shown on the map as fronting on the "Boulevard," to various persons.   In the deed for each of these lots reference is made to the map of Block 26, as recorded in the office of the register of deeds of Mecklenburg County.   None of the eleven remaining lots, fronting on "Q Road" and on "A Road," and lying in the rear of the nine lots which have been sold and conveyed, has been sold or conveyed by plaintiff.   All of these lots are now owned by plaintiff.

In each of the deeds by which the nine lots were conveyed by the plaintiff to the original purchaser, there are restrictive covenants, which the grantee, for himself, his heirs and assigns, agrees to observe and abide by.   These restrictive covenants are applicable only to the lot conveyed by and described in the deed from plaintiff to its grantee.   There is no express covenant in any of said deeds, by which plaintiff binds itself with respect to the other lots owned by it and included within Block 26.   None of the defendants, claiming under the immediate grantee of the plaintiff, has any right to or easement in lots owned by plaintiff, at the date of its conveyance of the lot now owned by said defendant to its grantee, by reason of any express covenant on the part of the plaintiff.

The contention of defendants that there are implied covenants binding on the plaintiff with respect to the lots not sold or conveyed by it, which they have a right to enforce, cannot be sustained.   There is nothing in the record which shows that plaintiff planned and mapped the parcel of land owned by it, and designated as Block 26, Myers Park, for development under a general plan or scheme.   The map alone is not sufficient to support the contention of defendants.   *Davis v. Robinson,* 189 N. C., 589, 127 S. E., 697.   It is admitted that plaintiff conveyed nine of the lots shown on the map with restrictions, substantially similar, and that it has not conveyed any of the remaining eleven lots.   No restrictions have been imposed by plaintiff upon that portion of Block 26 which it now owns, either expressly or by implication.

In the absence of a covenant, express or implied, to the contrary, binding on the plaintiff, the plaintiff has the right to subdivide that portion of Block 26, Myers Park, which it has not sold or conveyed, and which it now owns in fee simple, into lots of such frontage and of such size as it may desire, and defendants have no right to prevent by injunction or otherwise the exercise of this right by plaintiff.

In each of the deeds by which plaintiff conveyed to the several purchasers the lots now owned by defendants, the plaintiff reserved the right to change, alter or close up any street or avenue shown on the map of Block 26, Myers Park, which it had caused to be made and recorded, not adjacent to the lot conveyed by said deed, and not necessary to the full enjoyment by its grantee of said lot. There was no error in the charge of the court to the jury, that if the jury should find the facts to be as testified by the witnesses, they should answer the issue, "No."

Assignments of error based upon exceptions to the rulings of the court upon plaintiff's objections to the introduction of evidence offered by defendants cannot be sustained. The evidence excluded was not competent to show that plaintiff had sold and conveyed lots now owned by defendants in accordance with a general plan or scheme for the development of Block 26, Myers Park.

There was no evidence tending to support an affirmative answer to the issue tendered by defendants. The issue submitted by the court and answered by the jury arises upon the pleadings and is determinative of the controversy involved in this action. The judgment is affirmed. We find

No error.