This is an action to recover damages for the breach of a negative restrictive covenant contained in a deed by which the defendant conveyed the lot of land described in the complaint to a grantee, who thereafter conveyed said lot of land to the plaintiff by a deed containing the said negative restrictive covenant.
The facts shown by the evidence for the plaintiff are as follows:
Prior to 21 March, 1929, the defendant was the owner of a tract of land located immediately west of the city limits of the city of Winston-Salem, N.C. and lying between residential property situate on Stratford Road in said city and residential property owned by W. N. Reynolds, known as "Westview." The defendant had caused the said tract of land to be subdivided into lots to be sold for residential purposes and had designated said property as West Highlands, No. 3. A plat of said *Page 167 
property is recorded in the office of the Register of Deeds of Forsyth County, in Plat Book No. 7, at page 84.
On 21 March, 1929, the defendant sold to Francis Pepper, husband of the plaintiff, Lot No. 1, in Block 5 of West Highlands, No. 3, and in consideration of the sum of $5,000, paid to it by the said Francis Pepper, conveyed the said lot to him by a deed which is duly recorded in the office of the register of deeds of Forsyth County, in Book No. 312, at page 34. The said deed contains the following conditions:
"It is covenanted and agreed that this conveyance is made subject to the following provisions and restrictions, which are hereby expressly accepted and agreed to by the party of the second part:
"(1) The property shall be used for residential purposes only, and no building other than residences, except garages or outhouses for domestic purposes, shall be built on said premises for a period of 35 years from the date of this deed, provided this shall not apply to churches and schools.
"(2) No shop, store, factory, saloon, business house, or garage for commercial purposes of any kind shall be erected, suffered, or licensed to exist on the property above described, and no hospital, asylum, or institution of like or kindred nature shall be erected, suffered, or licensed to exist on the property above described, for a period of 35 years from the date of this deed.
"(3) The lot herein conveyed, or any part thereof, or any interest therein, shall not be leased, sold, or otherwise disposed of to or be occupied by any Negro, or any person, firm, or corporation for the use of any Negro, within 90 years from the date of this deed. This provision, however, shall not apply to Negro servants in the employ of the owners or occupant of the property who may occupy rooms on the premises.
"(4) No residence, or building of any kind, shall be erected on a frontage of less than 100 feet, no nearer to the street line than 50 feet, nor nearer either of said property lines than 10 feet, nor shall any garage or outhouse be erected nearer the street line than 100 feet until after the expiration of 35 years from the date of this deed.
"(5) No swine or cattle shall be kept on the premises and no enclosure for swine shall be erected and maintained on the land herein conveyed, and no stable for cattle or other live stock shall be erected or maintained thereon; except horses and ponies may be kept and stabled on said premises for pleasure purposes only, and not for hire.
"(6) No residence shall be erected on the property described in this deed that shall cost less than $15,000.
"(7) No subdivision of any lot shown on the map entitled `West Highlands, section 3,' by sale or otherwise, shall be made for 25 years from the date of this deed, without the written consent of the West End Development Company, its successors and assigns. *Page 168 
"(8) No front fence built on said property shall exceed 3 feet in height, and no side fences shall exceed 3 feet in height for a distance of 75 feet from the street line.
"(9) It is expressly understood and agreed by the parties hereto that this deed is accepted subject to all the foregoing covenants, conditions, and restrictions, that they are for the protection and general welfare of the community, and shall be covenants running with the land, and shall be binding upon the party of the second part, his heirs, executors, administrators, and assigns."
Thereafter, to wit, on 14 October, 1931, Francis Pepper, the grantee in said deed, conveyed the lot described therein to the plaintiff, his wife, by deed which is recorded in the office of the register of deeds of Forsyth County, in Book No. 342, at page 63. It is provided in said deed that the lot described therein is conveyed to the plaintiff subject to all the conditions, restrictions, and covenants contained in the deed from the defendant to Francis Pepper, the grantor therein.
On 1 July, 1935, the defendant sold to F. S. Snyder and his wife, Sidney S. Snyder, a lot located and included within West Highlands, No. 3. The deed by which the defendant conveyed said lot to the said F. S. Snyder and his wife, Sidney S. Snyder, contains the identical conditions, restrictions, and covenants as those contained in the deed from the defendant to Francis Pepper and in the deed from Francis Pepper to the plaintiff, except with respect to the cost of the residence which may be erected on the said lot. It is provided in said deed that no residence shall be erected on the lot described in said deed that shall cost less than $10,000.
Both before and after 21 March, 1929 — the date of its deed to Francis Pepper, the grantor of the plaintiff — the defendant sold and conveyed to various and sundry persons lots located and included within West Highlands, No. 3. The deeds by which these lots were conveyed are duly recorded in the office of the register of deeds of Forsyth County. Each of these deeds contains the identical conditions, restrictions, and covenants as those contained in the deed from the defendant to Francis Pepper, and in the deed from Francis Pepper to the plaintiff, except with respect to the cost of the residence which may be erected on the lot conveyed by said deed. Such cost varies from a maximum of $30,000 to a minimum of $8,000. Residences have been erected on said lots, respectively, costing not less than the minimum sum provided in the restrictions contained in the deed from the defendant for said lot.
After the conveyance to them by the defendant of the lot described in their deed, and prior to the commencement of this action, to wit: After 1 July, 1935, and prior to 1 November, 1935, F. S. Snyder and his wife, Sidney S. Snyder, erected on their said lot a residence which cost not to *Page 169 
exceed the sum of $13,500. This sum was not less than the sum prescribed in their deed from the defendant for said lot, as the minimum cost of a residence which could be erected on said lot, but is less than the minimum sum prescribed in the deed from the defendant to Francis Pepper as the cost of a residence which could be erected on the lot now owned by the plaintiff.
As the result of conveyances by the defendant of lots located and included within West Highlands, No. 3, by deeds containing negative restrictive covenants with respect to the cost of residences which may be erected on said lots, respectively, and providing that such cost may be less than $15,000, and as the result of the erection by F. S. Snyder and his wife, Sidney S. Snyder, on the lot conveyed to them by the defendant of a residence which cost less than $15,000, the value of the lot in West Highlands, No. 3, now owned by the plaintiff, has been reduced by a sum not less than $2,000.
Evidence offered by the plaintiff tending to show that prior to the execution by the defendant of the deed to Francis Pepper, the agent of the defendant who sold the lot described in said deed to the said Francis Pepper, as an inducement to him to purchase such lot, told him that the defendant would include in deeds subsequently executed by the defendant for lots in West Highlands, No. 3, a restriction that no residence should be erected on said lots costing less than $15,000, upon objection by the defendant, was excluded by the court, and plaintiff duly excepted to such exclusion.
Evidence offered by the plaintiff tending to show that subsequent to the execution of said deed, the vice-president of the defendant requested Francis Pepper to execute a paper writing providing that the minimum cost of a residence which might be erected on the lot conveyed by said deed should be reduced from $15,000 to a less sum, upon objection by the defendant, was excluded by the court, and the plaintiff duly excepted to such exclusion.
At the close of the evidence for the plaintiff, the defendant moved for judgment as of nonsuit. The motion was allowed, and plaintiff duly excepted.
From judgment dismissing the action as of nonsuit, the plaintiff appealed to the Supreme Court, assigning errors in the trial and in the judgment.
Whatever may be said with respect to the application of the other conditions, restrictions, and covenants contained in the deed *Page 170 
from the defendant to Francis Pepper, to lots located and included within West Highlands, No. 3, and subsequently conveyed by the defendant to other grantees, it cannot be held that the negative restrictive covenant contained in said deed, with respect to the minimum cost of a residence which may be erected on the lot conveyed by said deed is applicable to any of said lots except that conveyed by said deed. It does not appear upon the face of the deed that the defendant bound itself to impose upon other lots which it should subsequently convey a restriction uniform with the restriction in said deed with respect to the minimum cost of a residence which might be erected on said lots, respectively. The contrary appears, not only from the language of this deed, but also from an inspection of other deeds which the defendant executed both before and after the execution of said deed. For this reason, the principle invoked by the plaintiff, as stated in Homes Company v. Falls, 184 N.C. 426,115 S.E. 184, and restated in Bailey v. Jackson, 191 N.C. 61,131 S.E. 567 (see 18 C. J., 394), is not applicable in the instant case. See Stephens Company v. Binder, 198 N.C. 295, 151 S.E. 639;Ivey v. Blythe, 193 N.C. 705, 138 S.E. 2; Davis v. Robinson,189 N.C. 589, 127 S.E. 697.
The evidence offered by the plaintiff for the purpose of showing that the defendant had agreed with Francis Pepper, before the execution of its deed to him, as an inducement to him to purchase the lot described in his deed, that it would include in its deeds for lots located and included within West Highlands, No. 3, the identical negative restrictive covenant as that contained in his deed, with respect to the cost of residences which might be erected on said lots, was properly excluded by the court.
A building restriction is a negative easement, and cannot be shown by parol. It is within the statute of frauds. Davis v. Robinson, 189 N.C. 589,127 S.E. 697.
There is no error in the judgment dismissing this action as of nonsuit. The evidence for the plaintiff failed to show that the defendant, when it conveyed the lot now owned by the plaintiff, covenanted, expressly or by implication, with its grantee, his heirs and assigns, that it would include in all deeds which it might subsequently execute, conveying lots located and included within West Highlands, No. 3, a covenant for the benefit of its said grantee, his heirs and assigns, with respect to the minimum cost of residences which might be erected on said lots. For this reason, the judgment is
Affirmed. *Page 171