CHARLES BEETCHENOW *et al. vs.* ROLAND E. ARTER.

MARCH 7, 1923.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Real Estate.   Plats.   Restrictions.*

Complainant purchased two lots on a plat the deed containing restrictions.
The plat was recorded six days later containing no notice of restrictions.
Subsequently plat owner conveyed a number of lots with restrictions some of
the deeds referring to the restriction as "no building shall be erected on this
'*plat.*'"   Thereafter plat owner conveyed all lots without restrictions.

Before any lots were sold plat owner mortgaged the plat by deed containing
no restrictions and after the sale of lots gave another mortgage without
referring to restrictions.

Respondent's deed contained no restrictions and respondent at time of pur-
chase had no knowledge of the contents of former deeds or of any claim that
the use of the lots was restricted:—

*Held,* that the facts indicated an intention on the part of plat owner to protect
his own interests rather than an intention to restrict the use of the unsold
lots.

*(2)   Equitable Easements.*

Equitable easements are enforceable only against those purchasers who take
with notice.

*(3)   Plats.   Easements.   Notice.*

Where neither a recorded plat nor any of the deeds constituting respondent's
chain of title contained any reference to restrictions, and none of the deeds
of the plat owner conveying lots with restrictions, contained language pur-
porting to restrict the use of unsold lots for the benefit of the purchasers of
lots with restrictions, respondent did not have constructive notice at the
time he purchased his lot without restrictions, of any restrictions in favor
of the purchasers of lots with restrictions.

BILL IN EQUITY.   Heard on appeal of complainants and
dismissed.

PER CURIAM.   This is a bill in equity brought by two
owners of lots on the Elmwood Grove Plat in the city of
Providence, to enjoin the respondent from erecting a public
garage on the lots owned by him on said plat.

The complainants contend that the owners of said plat,
by conveying certain lots thereon by deeds containing a
restriction clause to the effect that "no building other than
a private dwelling or a private garage shall be erected on the

above described lot," subjected all unsold lots on said plat to a like restriction.

The cause was heard by a justice of the Superior Court on bill, answer and proof and a decree was entered dismissing the bill. The cause is before us on the complainants' appeal from said decree.

The plat which was recorded March 25, 1915, contains no notice of restrictions. On March 19, 1915, complainant Beetchenow purchased two lots on said plat. The deed contained a clause as follows: "It is hereby agreed that no building other than a private dwelling for one or two families or a private garage shall be erected on this property." On April 22, 1915, complainant Gosset purchased four lots on said plat. The deed contained the following clause: "It is hereby agreed that no building other than a dwelling for one or two families or a private garage shall be erected on the above described lots." On September 23, 1915, the plat owners had conveyed twenty lots by thirteen conveyances. Each deed contained a restriction clause substantially the same as the restriction clauses which we have quoted. Some of the deeds contained also a clause to the effect that the grantee agreed that no intoxicating liquors shall be sold on the premises. On October 18, 1915, the plat owners conveyed two lots. The deed contained a restriction clause as follows: "It is hereby agreed that no buildings shall be erected on this '*plat*' other than a private garage or a dwelling house." On October 25, 1915, the plat owners conveyed by separate deeds two lots on said plat. Each of said deeds contained a restriction clause the same as the one last quoted. The owners of the last three mentioned lots have released all claim of right to enforce restrictions. Since October 25, 1915, the plat owners have conveyed without restrictions all lots which they have sold. They have conveyed by deeds containing no restrictions twenty-three of the lots on said plat. Before any lots on said plat were sold the plat owners mortgaged said plat by deed containing no restrictions and the mortgage is still in force. On June

(1) 20, 1915, the plat owners by deed, containing no restrictions, mortgaged the unsold lots on said plat. This mortgage was discharged after being in force about fifteen months. On July 12, 1917, the plat owners mortgaged, by deed containing no restrictions, thirty-six lots on said plat. This mortgage is still in force. After the complainants purchased the plat owners several times by deeds containing no restrictions mortgaged the unsold lots on said plat. The respondent on June 26, 1920, purchased from the plat owners the six lots on which he proposes to erect a public garage. The deed conveying said lots to the respondent contained no restrictions and the respondent at the time he purchased had no knowledge of the contents of former deeds conveying lots on said plat or of any claim that the use of the lots which he purchased had been restricted. Complainants are seeking to enjoin the respondent from erecting a public garage on his said lots.

The complainants contend that the plat owners developed said plat in accordance with the general plan or scheme which forbade the erection on any lot on said plat of any building other than a private dwelling house and a private garage and that the development of said plat in accordance with said plan or scheme gave the complainants as lot owners negative easements which a court of equity will enforce by enjoining the erection of any building other than a private dwelling house and private garage on the respondent's said lots.

Was it the intention of the plat owners, in inserting the restriction clause in each of the sixteen deeds, to place like restrictions upon all of the lots at the time unsold or was said clause inserted solely for the benefit of the grantors? It will be noted that the plat owners did not in any deed covenant to insert a like restriction clause in all future deeds conveying lots on said plat or that they held the remaining lots subject to the same restrictions. The restriction clause in one of said sixteen deeds commenced as follows: "As a further consideration for this conveyance it is agreed that

no building other than a private dwelling," etc. The complainants introduced in evidence *de bene* a printed handbill evidently prepared and used by the plat owners' selling agent to advertise the sale of lots on said plat. The handbill contains the language: "All buildings restricted to cottages and two family houses. No spirituous liquors to ever be sold on the premises." Ignoring the respondent's contention, that such evidence is in violation of the statute of frauds and that all representations and agreements prior to the sale are merged in the deed (See *Ham* v. *Massasoit Real Estate Co.*, 42 R. I. 293), it is by no means clear that the restriction clause in question was inserted in the deeds with an intention to restrict the grantor's unsold lots. The plat owners' conduct from the beginning to the end, by several times mortgaging the property by deeds containing no restrictions and conveying many lots by deeds containing no restrictions, indicates an intention to protect their own interests rather than an intention to restrict the use of their unsold lots. The complainants, at the time they purchased, might readily have protected their interests by requiring the grantors to covenant to either hold or convey the unsold lots subject to the same restrictions. Such a covenant could have been enforced against the plat owners and those purchasing with notice.

(2) Equitable easements are enforceable only against those purchasers who take with notice. It is admitted that the respondent when he purchased had no actual notice. Neither the recorded plat nor any of the deeds constituting his chain of title contain any reference to restrictions. No easement in respondent's lots had been granted and the complainants claim only equitable easements. Section 7 of Chapter 253, entitled "Of the Conveyance of Estates," is as follows: "Such record or filing shall be constructive notice to all persons of the contents of such instruments and other the (3) matters so recorded," etc. No one of the deeds of the plat owners conveying lots on said plat contain language purporting to restrict the use of unsold lots for the benefit of

the complainants' lots. Assuming that the plat owners, at the time the complainants purchased and during the time the plat owners continued to insert the restriction clause in deeds of absolute conveyance, intended to convey each lot on the plat subject to restrictions for the benefit of every other lot on the plat and that the complainants when they purchased had knowledge of this intention, we would be of the opinion that the respondent did not have constructive notice of any restrictions, for the benefit of the complainants' lots, against the use of the lots which he purchased.

The appeal of the complainants is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Cushing, Carroll & McCartin,* for complainants.

*Murdock & Tillinghast, John A. Tillinghast,* for respondent.