IVEY v. BLYTHE ET AL.

(Filed 11 May, 1927.)

**Deeds and Conveyances—Restrictions—Reference to Former Deeds—Description—Identification.**

Where a development company has divided lands into lots, platted the same, etc., and conveyed the lots to different purchasers by deeds not uniform in their restrictions as to the character and costs of dwellings

to be thereon erected, and not evidencing a general scheme of development in this respect: *Held*, one of these lots with such restrictions conveyed to the original owner and sold by it without restrictions of this character, may be conveyed by it to another purchaser freed therefrom, and a mere reference in the conveyance to the former deed containing the restrictive clause is insufficient to incorporate the restrictions of the deed referred to, the reference evidently being for the purpose of identifying the lands.

CIVIL ACTION, before *Finley, J.,* upon an agreed statement of facts, submitted at March Term, 1927, of MECKLENBURG.

The defendants entered into a written contract with the plaintiff to purchase lot No. 10 of Square 5 of Piedmont Park in the city of Charlotte. On 5 May, 1900, Abbott, Stephens and Coleman conveyed, without restriction, a certain tract of land containing 86 acres, lying and being near the city of Charlotte, to a corporation known as the Piedmont Realty Company. The land was subdivided into convenient lots, and these lots were sold to various purchasers. On 20 October, 1900, the Piedmont Realty Company conveyed to F. C. Abbott certain lots, including the lot in controversy. The deed from the Piedmont Realty Company to said Abbott contained the following restriction: "It being further understood and agreed that the lots fronting on Central Avenue and Seventh Street are to be used for residential property only, and that no house costing less than $1,500 shall be erected on Central Avenue, and no house costing less than $1,000 shall be erected on Seventh Street." The lot in controversy fronts on Central Avenue.

On 18 November, 1905, Abbott reconveyed the lot in controversy, without restriction, to the Piedmont Realty Company. After describing the land, the deed contained this clause: "Being the same lot No. 10, Square 5, conveyed by the Piedmont Realty Company to F. C. Abbott by deed, and recorded in the office of the register of deeds for Mecklenburg County, in Book 150, p. 237."

Thereafter, on 6 March, 1908, the Piedmont Realty Company conveyed the lot in controversy to the plaintiff, without restriction, but the following clause appears in the deed of plaintiff: "Being the same lot No. 10, Square 5, conveyed by the Piedmont Realty Company to F. C. Abbott by deed recorded in the office of the register of deeds for Mecklenburg County, in Book 150, p. 237." It appears further that the Piedmont Realty Company executed 58 original conveyances and 14 secondary conveyances. Fifty-seven of the original conveyances conveyed 129½ lots. The remaining original deed conveyed 136½ lots. Of the said 129½ lots, the Piedmont Realty Company conveyed 121½ lots subject to certain restrictions, and seven of said 129½ lots were conveyed without restriction. The 136½ lots left were conveyed to F. C. Abbott without restriction.

The plaintiff, in pursuance of the contract of sale between him and the defendants, tendered deed for said lot No. 10, Square 5, but the defendants refused to accept the deed upon the ground that the plaintiff could not convey a title free of restrictions.

The following judgment was rendered: "This cause coming on to be heard at this term of the court, and it appearing to the court upon the facts agreed that the title to lot 10, Square 5, on the map of the Piedmont Realty Company, being the *locus in quo* set out in said facts agreed, is vested in the plaintiff, free from restrictions, conditions and limitations, and that the plaintiff's deed conveys the said lot free from said restrictions.

"It is thereupon ordered, adjudged, and decreed by the court that the defendant accept the deed tendered therefor, and that the plaintiff recover of the defendants the purchase price to be paid and discharged according to the contract between the parties, and the defendants to pay the cost of this action, to be taxed by the clerk."

From the foregoing judgment the defendants appeal.

*Pharr, Bell & Pharr for plaintiff.*
*C. A. Cochran and F. A. McCleneghan for defendants.*

BROGDEN, J.   In *Davis v. Robinson,* 189 N. C., 589, this Court held, upon the facts presented in that case, that Piedmont Park was not the result of a general plan or scheme of development of an exclusive residential community. *Justice Varser,* delivering the opinion of the Court, said: "Land is becoming more and more an object of daily commerce, and its uses are changing with the varying needs and wants of society. Invention and new wants reflect themselves in the uses of land, and it is for the best interest of the public that the free and unrestricted use shall be enjoyed, unless such use is restricted in a reasonable manner, consistent with the public welfare.   The construction of deeds containing such restrictions or prohibitions as to the uses of lands by the grantees, in the case of doubt, as a general rule, ought to be strict and in favor of a free use of such property, and not to extend such restrictions."

In the case at bar, the plaintiff holds a deed for the lot in controversy, which contains no restrictions whatever, but the defendants contend that the clause in plaintiff's deed from Piedmont Realty Company, "being the same lot No. 10, Square 5, conveyed by the Piedmont Realty Company to F. C. Abbott, by deed recorded in the office of the register of deeds for Mecklenburg County, in Book 150, p. 237," was intended to subject plaintiff's land to the restrictions contained in the original deed from the Piedmont Realty Company to Abbott, bearing date of 20 October, 1900.   We do not think that this clause can be enlarged so as to

create a restriction. Apparently the clause is a mere reference to a former conveyance for the sole purpose of aiding the identification of the land. A restriction of the free enjoyment and use of property should be created in plain and express terms; and, while perhaps it may be possible, by implication, to create restriction and encumber the free and untrammeled flow of property from purchaser to purchaser, such implication ought to appear plainly and unmistakably.

We are of the opinion that this case is governed by the decision in *Davis v. Robinson, supra,* and the judgment is

Affirmed.