No. 12,028.

FARMERS LIFE INSURANCE COMPANY *v.* HETHERINGTON.

Decided February 18, 1929.

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, Mr. WESLEY PETERSON, for plaintiff in error.

Mr. FRED S. CALDWELL, for defendant in error.

*Department One.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ON March 5, 1926, at its annual meeting, the defendant insurance company employed the plaintiff as its general counsel. Claiming a breach by the defendant of the contract of employment, plaintiff brought this action against his employer to recover damages for the breach, and upon the trial before a jury of the issues of fact, plaintiff was awarded damages in the sum of $875, to review which judgment the defendant has sued out this writ of error.

Plaintiff had already served as defendant's general counsel for one year; having been elected on March 5, 1925, by the defendant's board of directors in which body the power of selection was vested by section 2 of article II of the defendant's by-laws. Prior to March 5, 1925, this by-law provided that the board shall elect at its annual meeting each and every year its general officers, designating them by proper title, and among the enumerated list was the office of general counsel, and such general officers so selected were by the terms of the by-law to hold office for one year. Because of some dissatisfaction that existed as to the election or tenure of office of general counsel, the board of directors, before it proceeded to the election of its officers, on March 5, 1925, duly amended or changed this by-law which, as amended, was spread upon the records, by excluding or eliminating therefrom the office of general counsel; and immediately thereafter, on the same day, selected the plaintiff as its general counsel and the transaction and terms of employment were evidenced by a writing or minute, which was signed by both plaintiff and defendant. In the first paragraph of this writing so signed it is recited that the plaintiff has been employed by defendant as general counsel "until such time as his employment as such may cease and determine by action of the officers or directors of said company." Ever since March 5, 1925, this section 2, as amended on that day, has not been changed or amended and was in force on the 5th of March, 1926, on which day and at its annual meeting the defendant company again

employed the plaintiff as its general counsel. At this election in 1926 no writing seems to have evidenced the employment as was the case in 1925. About November 1, 1926, the defendant company by its board of directors assumed to terminate the plaintiff's employment against his will and he later brought this action.

The complaint alleges in substance, that on March 5, 1926, defendant employed plaintiff as general counsel and that section 2 of article II of the by-laws, as to the tenure of office, was then in force, as theretofore, for one year, and that this section so providing has not been amended, and further alleges that the defendant wrongfully and in violation of the controlling section and before the expiration of his term of office, purported about November 1, 1926, to terminate the same and has refused thereafter to recognize such relation and has not paid the plaintiff for the remainder of the term to his damage in the sum of $2,500.

In its answer the defendant admits the employment, not for one year, but at its will, and sets out the facts as above narrated concerning the change in its by-law and all other acts that it has taken to terminate the employment as it was authorized to do by the then existing by-law.

Plaintiff filed a replication to this answer in which he sets up an alleged estoppel in pais against the defendant's right to assert or rely upon the alleged change of section 2 of article II, such estoppel being effective for reasons presently to be stated. The result of the trial before a jury was favorable to the plaintiff as above stated.

An attentive consideration of this record justifies the statement that under the evidence it is doubtful as matter of law if plaintiff is entitled to any relief. It is only fair to say that the record indicates that the trial court, at the close of the evidence was in doubt as to the proper course to pursue; whether to direct a verdict for the defendant or to submit the issue to the jury. Had it non-

suited the plaintiff or directed a verdict for the defendant, we probably would not have interfered therewith. We are not, however, disposed, for the reasons which will appear later in the opinion, to constitute ourselves as triers of fact and as such decide the case on the evidence as we might do. For in the light of what we shall presently say, that course would be unnecessary, and since there must be a reversal for other reasons which we now proceed to give, we deem it proper to go no further than to set aside the judgment and remand the cause.

Plaintiff sets up in his replication an estoppel in pais. It is based on the proposition that in February, 1926, about one month before the 1926 election, having been asked by the secretary of the company for advice about the by-laws and certificate of incorporation of the company, he inquired of the secretary if section 2 of article II of the by-laws had been amended. Just why the plaintiff asked about this particular by-law does not appear from the evidence. This section was adopted in 1920. These by-laws were soon thereafter printed and enclosed in a pamphlet or small book and this pamphlet was printed while section 2 as originally adopted was in force, and it contained the language that the term of office of general officers is for one year. The secretary in response said that the by-law had not been changed so far as he knew. The plaintiff would have the court believe that because he accepted such qualified answer of the secretary as true, which answer was given upon an inquiry as to a subject matter entirely different from the matter of his employment, the defendant is thereby estopped in this action to contend that at the time of plaintiff's employment on March 5, 1926, the office of general counsel was eliminated from section 2 of article II and was so changed as to make the term of office at the will of the employer.

First we say there is no presumption of law that the secretary of this company has power to contract for it or to bind it by any such statement as plaintiff says the

secretary made to him concerning a change in the by-law, and there is no evidence of any custom or practice or resolution of the board of directors that vests in the secretary any such power to contract or to bind the company by any statements he may make of the character here involved. Plaintiff is a lawyer and he was, at the time he made this inquiry of the secretary, a fellow-officer of the latter. As such, plaintiff had the right, the same as the secretary possessed, to examine for himself the records of the company to ascertain whether there had been a change in this section of the by-law concerning the term of his office, but he did not do so. Plaintiff was not justified in forbearing to exercise his right of search or in relying on the secretary as to the status of this particular section. If he made the special inquiry concerning the same he must have had some reason for it. If he did have some reason he did not disclose it at the trial. If he wanted to know about this by-law because it bore on the election of general counsel that would be had a month later, he should have stated to the secretary that fact, but he did not do so. If plaintiff wished to know about the by-law merely because it was necessary or fitting that he should have the information properly to give to the secretary the advice which was asked, that has no bearing upon the present controversy. He could have examined for himself, but he did not, the books of the secretary which were as accessible to him as they were to the secretary in whose custody they were. Had he examined these records he would have found the minute or writing of March 5, 1925, entered in the records and this amendment recited the change which made the holding or tenure of the office of general counsel at the will of the board of directors.

In addition to this, when plaintiff was on March 5, 1925, first elected as general counsel the writing which he signed stated that his term of office was at the defendant's will. Plaintiff does not deny that he saw this writing and knew its contents. That writing on its face

showed that his election in 1925 was not for one year but at the will of the board and the plaintiff has not alleged, neither has he testified, that he supposed that thereafter some change had taken place and that the section as originally drafted was reinstated. Yet the plaintiff accepted election for the first time to hold office at the will of the board, though he now says in the light of the foregoing that his second term was not at defendant's will but for one year and this claim is, as already stated, predicated upon a remark or observation of the secretary upon which the plaintiff was not justified in relying. The trial court, on plaintiff's own evidence in connection with the writing which he signed in 1925, should have instructed the jury that the alleged estoppel plea was not established.

Aside from this, there is no evidence that the secretary practiced any deceit on the plaintiff in his alleged answer that section 2 had not been changed or that the secretary knew that the plaintiff wished the information in connection with his contemplated application for reelection. *Patterson v. Hitchcock,* 3 Colo. 533. Then, too, equitable estoppel can not be asserted where the truth is known to both parties or where they have equal means of knowledge. *Rockwell v. Coffey,* 20 Colo. 397, 38 Pac. 376. See also 21 C. J. p. 1129, section 131, where the author says that where a party to whom a representation is made has himself knowledge of the facts in controversy or has convenient or ready means of acquiring such knowledge, equitable estoppel does not lie. Certainly the plaintiff had the same facilities and means of acquiring knowledge that the secretary had as to any change of the by-laws. He had access to the records contained in the office of the secretary of the company just as freely as had any other officer of the company. He did not avail himself of this opportunity to ascertain the fact about which he inquired. Common prudence would dictate that since the plaintiff was asked for advice about the by-laws he should not have relied on the qualified assertion of the

secretary, or upon the printed copy of the by-laws which was compiled in 1920. During the subsequent five years these by-laws might have been changed or amended and the inquiry of the plaintiff itself indicates that he so considered, and wished to ascertain whether the changes had been made. At all events, under plaintiff's own showing his plea of equitable estoppel for the reasons given should not have been submitted to the jury at all. The submission of this issue by the court in its instructions was prejudicial error, for which reason alone a reversal must be ordered. The court's instructions to the jury on this plea of estoppel, as well as on other questions involved, are at variance with our views as hereinabove expressed. For the reasons above suggested we shall not, however, as already stated, direct the trial court to dismiss the action. It is possible—though from our reading of the record we have reason to doubt such possibility —that, if another trial be had, plaintiff might be able to furnish evidence that would enable him to go to a jury upon some issue of fact. On the issue of estoppel however, we say, and base the statement upon his own testimony, that that element must not again be litigated. The judgment is reversed and the cause remanded, further proceedings, if any, must be consistent with the views expressed in this opinion.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.