**STATE ex STALZER et v KENNEDY et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12986.   Decided June 12, 1933

Hart, Curry, Sklenicka & Murray, Cleveland for plaintiffs in error.

W. George Kerr, Cleveland, and William C. Dixon, Cleveland, for defendants in error.

LIEGHLEY, PJ.

Keeping in mind the restrictive covenants uniformly established and inserted in every deed in every chain of title from the original grantor, and keeping in mind that the whole general scheme and plan is designed to create and maintain a first class residential district abutting upon this parkway, it is our conclusion that the rule and regulation limiting a driveway to twelve feet is a reasonable rule. The plaintiff, Csernak, accepted her deed wtih these limitations and restrictions therein and accepted the property with knowledge that its use was specifically limited to the purposes therein expressed. To grant this permit in the light of all the circumstances of this case, would be authorizing her to break the restrictions. It would empower her to construct and maintain a driveway large enough and designed to service a business place. In view of these facts the defendants, in the exercise of sound discretion, were justified in refusing the permit.

The plaintiffs propose to construct a concrete or slag driveway from the southwest corner of this parcel of land twenty-three feet in width in a northeasterly direction, through the very heart of this parcel to the gas filling station. This driveway would cover almost one-third of the square foot area of this parcel of land. It would be a clear dedication of the use of this parcel to commercial and business purposes. It is just as much such a dedication as if a lot was used to maintain such a driveway to service land beyond the 100 foot limit devoted to a large manufacturing enterprise.

It is our opinion that the rule and regulation of the park department challenged herein is a reasonable rule under the facts and circumstances of this case. The defendants as officials of the city were justified in the exercise of a sound discretion in refusing the permit.

It is our further opinion that to construct or maintain said twenty-three foot driveway in the manner and form as proposed, would be a violation of the restrictive covenants contained in the uniform deeds to the lots abutting on this parkway.

For the foregoing reasons the judgment is affirmed.

LEVINE and McGILL, JJ, concur.