STARMOUNT COMPANY v. GREENSBORO MEMORIAL PARK, INC.

(Filed 23 May, 1951.)

**1. Deeds § 16b—**

A grantor in a duly registered deed containing contractual restrictions upon the purposes for which the property may be used is entitled to enforce such agreement against a purchaser by *mesne* conveyances from the grantee when the restrictions are reasonable in character and duration and are not against public policy.

**2. Same—**

A restriction on the enjoyment of property must be created in express terms or by plain and unmistakable implication.

**3. Same—**

Contractual restrictions in a registered deed that the property should be used only for residential purposes and that it should not be used for business or commercial purposes except for truck farming or poultry raising, *held* to preclude a purchaser by *mesne* conveyances from the grantee from constructing and using a driveway across such property as an entrance to a commercial cemetery maintained on adjoining property, since use of the property as an incident to a forbidden business or enterprise would be tantamount to dedicating it to such proscribed use.

**4. Same—**

Contractual restrictions placed in a deed for the benefit and convenience of grantor are not impaired by the fact that the grantor reserves the right to unrestricted use of other property retained by him in the vicinity.

APPEAL by defendant from *Moore, J.,* at the April Term, 1951, of GUILFORD.

Civil action to enjoin the breach of a restrictive covenant limiting the free use of land.

The facts are not in dispute. They are summarized in the numbered paragraphs set forth below.

1. The plaintiff, Starmount Company, a domestic corporation, is now, and ever since 5 May, 1941, has been, engaged in developing Friendly Acres, a large tract of land abutting on Westridge Road and other public highways in Guilford County, North Carolina. Although it has conveyed various parts of the tract to sundry purchasers, the plaintiff still retains title to substantial portions of Friendly Acres, including those adjoining the lot mentioned in the next paragraph.

2. On 5 May, 1941, the plaintiff conveyed a part of Friendly Acres, to wit, a lot embracing 4.6 acres and having a frontage of 100 feet on Westridge Road, to Blanche Cox and Eva Cox by a deed, which was forthwith duly recorded in the office of the Register of Deeds of Guilford

County. For convenience of narration, this lot is hereafter called the four acre tract.

3. The deed by which the plaintiff conveyed the four acre tract to Blanche Cox and Eva Cox contained the following provisions pertinent to the present litigation: "But said property is conveyed . . . subject to certain restrictions as to the use thereof, running with said land by whomsoever owned until July 1, 1963, which restrictions are expressly assented to by the party of the second part by the acceptance of this deed and are as follows, to wit: . . . Said property shall be used only for residential purposes and for single family houses unless plans and specifications for houses other than single family houses are approved in writing by the Starmount Company, and said property shall not be used for business, manufacturing or commercial purposes: Provided, however, that this restriction shall not prohibit truck farming or poultry raising on said property. . . . The restrictions set out above shall apply only to said property, and nothing herein shall preclude the Starmount Company from altering the size or direction of frontage of any other property, or the location of any streets or roads other than such portions of such streets or roads as abut said property, or from establishing business districts, or from establishing or allowing to be established hospitals, schools, hotels, or other institutions which in its opinion will be for the benefit of the community in which said property is located."

4. Subsequent to the events enunciated above, the four acre tract passed by *mesne* conveyances from Blanche Cox and Eva Cox to J. W. Means, who also acquired title to 41.47 additional acres bordering the rear of the four acre tract. For convenience of narration, the 41.47 additional acres are hereafter designated as the forty acre tract. The forty acre tract does not lie within the limits of Friendly Acres, and is not restricted in any way as to use.

5. On 21 March, 1950, J. W. Means conveyed the four acre tract and the forty acre tract to the defendant, Greensboro Memorial Park, Inc., a domestic corporation, which is developing and using the forty acre tract as a commercial cemetery.

6. While it does not contemplate devoting any part of the four acre tract to burial purposes, the defendant is now constructing a driveway across the four acre tract to connect the forty acre tract with the Westridge Road, and will use such driveway when completed as passageway to its commercial cemetery situated on the forty acre tract unless it is enjoined by the court from so doing.

The complaint pleads the undisputed facts set forth above; concludes that the proposed use of the driveway runs counter to the restrictions contained in the deed from the plaintiff to Blanche Cox and Eva Cox, the predecessors in title of the defendant; and prays that the defendant

be enjoined from using the four acre tract "or any part thereof as an entrance to or exit from, or as a part of, or otherwise in connection with, a commercial cemetery, or for any other business or commercial purpose at any time prior to July 1, 1963." The answer admits all facts alleged in the complaint; asserts that the contemplated use of the driveway does not fall within the ban of the restrictions in question; and prays that the plaintiff be denied the relief sought by it.

When the cause was heard in the court below, the plaintiff moved for judgment on the pleadings. The presiding judge sustained such motion, and rendered a final judgment granting the plaintiff injunctive relief according to the prayer of the complaint. The defendant excepted and appealed, assigning the entry of the judgment as error.

*Brooks, McLendon, Brim & Holderness for plaintiff, appellee.*
*Harry R. Stanley for the defendant, appellant.*

ERVIN, J. This litigation does not involve the question whether the restrictions invoked by the plaintiff were inserted in the deed to the defendant's antecessors pursuant to a general plan for the development of Friendly Acres as a restricted community or neighborhood. *Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661; *Humphrey v. Beall,* 215 N.C. 15, 200 S.E. 918. The action is bottomed upon a quite different foundation. The plaintiff bases its prayer for relief upon individual and particular covenants constituting an express contract between it and the defendant's predecessors and appearing in the defendant's recorded chain of title.

The plaintiff's position is simply this: At the time of the original sale of the four acre tract, the plaintiff, as grantor, and the defendant's antecessors in title, as grantees, made an express contract imposing specific restrictions upon the use of the four acre tract for the benefit and convenience of the plaintiff in its disposition or use of the other portions of Friendly Acres retained by it. Such contract was embodied in covenants inserted in the deed conveying the four acre tract to the defendant's predecessors. Inasmuch as such deed constituted an essential link in the defendant's chain of title and appeared of record at the time it acquired the four acre tract, the defendant took the four acre tract with notice of the restrictive covenants. The restrictions are reasonable in character and duration, and do not clash with public policy. Since it took the four acre tract with notice of the restrictive stipulations, the defendant cannot equitably refuse to perform them. Notwithstanding this, the defendant is about to breach the restrictions by appropriating the four acre tract to prohibited purposes which will diminish the enjoyment and impair the value of the substantial portions of Friendly Acres which the plaintiff

still owns. As an original party to the restrictive covenants, the plaintiff is entitled to an injunction to restrain the threatened breach.

The plaintiff's position finds full support in authority and reason. *Thomas v. Rogers,* 191 N.C. 736, 133 S.E. 18; *Firth v. Marovich,* 160 Cal. 257, 116 P. 729, Ann. Cas. 1912 D, 1190; *Whitney v. Union Railway Co.,* 11 Gray (Mass.) 359, 71 Am. Dec. 715; *Sanford v. Keer,* 80 N. J. Eq. 240, 83 A. 225, 40 L.R.A. (N.S.) 1090.

This being true, the plaintiff is entitled to an injunction restraining the defendant from using the four acre tract as a means of access to the commercial cemetery on the unrestricted forty acre tract if the restrictions contained in the deed of 5 May, 1941, prohibit such use of the four acre tract.

The defendant contends with much earnestness and industry that the deed does not forbid its proposed use of the four acre tract. It asserts primarily that the instrument, properly construed, permits such use. It insists secondarily that the deed leaves the matter in doubt, and that the doubt must be resolved in its favor under the rule that restrictive covenants are to be strictly construed against the party seeking to enforce them. *Edney v. Powers,* 224 N.C. 441, 31 S.E. 2d 372.

We do not deem either of these alternative contentions to be valid. A restriction of the enjoyment of property must be created in express terms, or by plain and unmistakable implication. *Ivey v. Blythe,* 193 N.C. 705, 138 S.E. 2. When the deed under scrutiny is read aright, it does these two things in express terms: First, it limits the use of the four acre tract to residential purposes, truck farming, and poultry raising; and, second, it prohibits the use of the four acre tract for any "business, manufacturing, or commercial purposes" other than truck farming and poultry raising.

While these explicit provisions necessarily permit any use of the four acre tract reasonably consistent with its use for residential purposes, truck farming, or poultry raising, they plainly and unmistakably imply that the four acre tract is not to be put into service as an incident to a forbidden business or commercial enterprise, even though such enterprise is situated on adjacent unrestricted land. As a consequence, the defendant cannot use the four acre tract or any part of it as an entrance or driveway into the commercial cemetery located on the forty acre tract. Such use would violate the restrictions in question for it would be tantamount to dedicating the four acre tract to a prohibited business or commercial purpose. Our conclusion harmonizes with the decisions of the courts of other jurisdictions which have been confronted by the same problem. *Mellitz v. Sunfield Co.,* 103 Conn. 177, 129 A. 228; *Klapproth v. Grininger,* 162 Minn. 488, 203 N.W. 418, 39 A.L.R. 1080; *State ex rel. Stalzer*

*v. Kennedy,* 46 Ohio App. 1, 187 N.E. 640; *Laughlin v. Wagner,* 146 Tenn. 647, 244 S.W. 475.

Since the restrictions were imposed on the four acre tract for the benefit and convenience of the plaintiff in its disposition or use of the portions of Friendly Acres retained by it, their efficacy is not impaired in any degree by the stipulation that "nothing herein shall preclude the Starmount Company . . . from establishing business districts, or from establishing or allowing to be established hospitals, schools, hotels, or other institutions which in its opinion will be for the benefit of the community in which said property is located." *Town of Stamford v. Vuono,* 108 Conn. 359, 143 A. 245; *Kuhn v. Saum,* 316 Mo. 805, 291 S.W. 104; *Beetchonow v. Arter,* 45 R.I. 133, 119 A. 758.

Nevertheless, the injunction goes too far. It not only enjoins the defendant from using the four acre tract as an entrance or passageway to the cemetery, but it also restrains the defendant from using the four acre tract "for any other business or commercial purpose." The judgment is hereby modified so as to permit the defendant to use the four acre tract for truck farming and poultry raising. As thus modified, it is affirmed.

Modified and affirmed.