No. 22122.

The D. C. Burns Realty and Trust Company *v.* George J. Mack, Irmgard Mack, Lynn L. Lundquist, Vera H. Lundquist, Wayne R. Newton, Patricia M. Newton, Paul F. Dycus, Betty Dycus, Thomas F. Lidinsky, Joe Lidinsky, Thomas P. Foshag, Arlotle M. Foshag, Wayland J. Walker, Betty Ann Walker, Virgil O. Olson, Mrs. Virgil O. Olson, Lyle K. Russell, Shirley M. Russell, Robert E. Wilson, Helen Wilson, William Schreider, and Jacklyn Schreider.

(450 P.2d 75)

Decided January 20, 1969.　　Rehearing denied February 24, 1969.

2

HIESTER, TANNER & CLANAHAN, LYLE E. MILLER, for plaintiff in error.

JOHN E. BUSH, for defendants in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE defendants in error (plaintiffs) brought an action for declaratory judgment against the plaintiff in error (defendant) as to whether a lot in a subdivision could be used as a street. A portion of West Center Avenue is within the subdivision. Involved is Lot 19, more particularly described as Lot 19, Block 32, Green Mountain Village, Filing No. 4 in Jefferson County, Colorado.

The plaintiffs own their homes in this subdivision which is in close proximity to a shopping center. The defendant had an interest in the shopping center, the exact nature of which we did not discover in the record. At all material times the following recorded covenant has been in effect with respect to each of the lots in the subdivision:

"None of said lots shall be improved with or occupied for other than private single family residential purposes, and no store, business house or gasoline station shall be erected thereon or used and occupied thereof."

Except for Lot 19, West Center Avenue would provide a more direct route to and from the shopping center for a substantial number of people. This street "dead-ends" at each end of Lot 19, upon which a residence was located. Defendant purchased Lot 19 for the purpose of using the lot as a roadway, thereby making West Center Street continuous to and from the shopping center. After the action was filed defendant removed the residence and graded the lot to make it usable as a street. Defendant attempted to dedicate the property for public use as a roadway, but the appropriate county authorities refused to accept or so approve it.

The court found that, "any unilateral action to effect the establishment of a roadway over said property is a

violation of said covenants and prohibited thereby." It expressly did not rule as to the situation that might exist if the roadway had been dedicated and accepted for public use — and neither do we.

Plaintiffs then filed a petition under R.C.P. Colo. 57 (h) asking that the court order defendant to erect barriers on the lot or otherwise act to effectuate the declaratory judgment. The court ordered that the lot not be used as a roadway by the defendant, its agents, employees or assigns and that defendant should not give anyone permission to use it. However, the court refused to order the defendant to perform any affirmative acts to prevent others from so using it, stating that no authority had been cited which would support such an order.

■ It is to be noted that the covenant goes farther than prescribing a building requirement. By stating, "none of said lots shall be * * * occupied for other than private single family residential purposes," it restricts the use of the land. Most of the cases cited by defendant are not determinative because they involve restrictions as to buildings, rather than use, or involve acquisition of property by a public body having authority to condemn it. The covenant here prevented use as a roadway related to a commercial enterprise. *Edgewood Park Association v. Pernar,* 350 Mich. 204, 86 N.W. 2d 269 and *Starmount Co. v. Greensboro Memorial Park,* 233 N.C. 613, 65 SE 2d 134, 25 A.L.R. 2d 898. See also Annot., 25 A.L.R. 2d 904.

■■ It is urged that covenants creating restrictions upon the free use of land are to be strictly construed against the limitation. This rule may or may not today have the sanctity that it has possessed in the past. In any event, it has no application when the language is definite in its terms. One must follow the dictates of plain English. 20 Am. Jur. 755 *et seq.*

■■ Since the declaratory judgment was entered, the plaintiffs have prevented use of the lot for a roadway by leaving four parked cars in the street adjacent to

one of the ends of the lot. This demonstrates that the injunction as granted was an empty thing. The principal violations of the covenant are not going to be by the defendant and those acting under it, nor by those who seek permission of the defendant to use the roadway. Rather most of the violations will be by a multitude of people not connected with the defendant and not asking permission. If an injunction against a violation of this restriction on the use of the land is to be effective, then it must enjoin the defendant from permitting the land to be used as a roadway. This was the mandate in *Edgewood Park Association v. Pernar, supra.* The injunction should be extended this far if the maxim that equity will not suffer a wrong to go without a remedy is to be followed. We find support for such a conclusion in *Doering v. Baker* 277 Mich. 683, 270 N.W. 185; *Truesdale v. Jensen* 91 Ia. 312, 59 N.W. 47; 27 Am. Jur. 2d 647; and 1 J. Pomeroy, Equity Jurisprudence § 109 (5th ed. 1941). Also see Annot., 57 A.L.R. 336.

The declaratory judgment and the injunction issued by the trial court are affirmed and the cause remanded with direction that the trial court enjoin the defendant from permitting the lot to be used as a roadway.