Dennis **STRATFORD** and Joan **Stratford,** Plaintiffs-Appellants,

v.

John **LITTLEHORN,** Pamela **Littlehorn** and Charles M. **Goldben,** Defendants-Appellees.

No. 80CA1039.

Colorado Court of Appeals, Div. I.

June 25, 1981.

Rehearing Denied July 16, 1981.

Certiorari Granted Oct. 26, 1981.

John D. Watson, P.C., John D. Watson, Westminster, for plaintiffs-appellants.

No appearance for defendants-appellees.

COYTE, Judge.

Plaintiffs appeal from a judgment of the trial court denying their request for a temporary and permanent injunction to restrain defendants from moving a used home onto the lot which defendants purchased. We reverse.

Defendants purchased a 2½ acre lot in Wadley Farms Subdivision adjoining plaintiffs' lot, on which they desired to move a house which had been built 25 years ago. They contacted the president of the subdivision's Architectural Control Committee, who signed a letter which granted them an exception to the covenants permitting them to move the house onto their lot.

Plaintiffs contend that the trial court erred in ruling that the restrictive covenants do not apply to defendants' property and in denying their injunction. We agree.

The trial court found that there was no showing that the protective covenants of Wadley Farms Subdivision applied to defendants' property. Where, as here, the evidence consists of written documents we are not bound by the trial court's findings relative to the interpretation of the documents. *Stephenson v. Stephenson*, 134 Colo. 96, 299 P.2d 1095 (1976); *Burks v. Verschuur*, 35 Colo.App. 121, 532 P.2d 757 (1974).

Defendants' and plaintiffs' deeds reflect that the property, situated in Adams County, Lot 10, Block 13, Wadley Farms Subdivision—First Filing, was subject to easements as shown in the plat and recorded in Book 2136, page 957, where the Declaration of Covenants and Restrictions governing Wadley Farms Subdivision, Filing No. 1, were recorded. Even though the North Washington Land Associates did not own all the platted properties in the subdivision when it recorded the protective covenants, it did own the properties subsequently purchased by plaintiffs and defendants. Thus, we conclude that the covenants quoted below do apply to defendants' property.

Further, we conclude that plaintiffs are entitled to permanent injunctive relief. The protective covenants provide as follows:

"All buildings or structures erected upon said property shall be of new construction."

. . . .

"[N]o used structure of any sort shall be moved onto any Lot."

. . . .

"Should the [Architectural Control] Committee fail to approve or disapprove the plans and specifications submitted to it

912

by the Owner of a Lot in the Properties within thirty (30) days after written request thereof, then such approval shall not be required, provided, however, that no building or other structure which violates any of the covenants or restrictions contained herein shall be erected or be allowed to remain on any Lot."

The rule that restrictions upon the free use of land are to be strictly construed against the limitation has no application where the language of the restriction is definite in its terms. *D. C. Burns Realty & Trust Co. v. Mack*, 168 Colo. 1, 450 P.2d 75 (1969). Hence, since the covenants are clear, they must be enforced as written to prohibit defendants from moving an older home onto their property.

Covenants placed on the land for the benefit of purchasers within a subdivision may validly prohibit a landowner from moving an older home into a subdivision of new homes. *See Rhue v. Cheyenne Homes, Inc.*, 168 Colo. 6, 449 P.2d 361 (1969).

And, under the express language of these covenants, the Architectural Control Committee had no authority to grant an exception to the express provisions of the covenants. As the court stated in *Snashall v. Jewell*, 228 Or. 130, 363 P.2d 566 (1961), "the power to approve building plans is a power to aid the enforcement of the covenants and is not a power to lift the restrictions on a lot at will."

The trial court did not rule on the question, on which much evidence was presented, as to whether the used home sought to be moved onto the premises would be compatible with present existing homes located within the subdivision. Evidence on this issue, in view of our holding above, would be immaterial.

Plaintiffs are entitled to a permanent injunction to restrain defendants from breaching the applicable protective covenant permitting only new homes within the subdivision.

The judgment is reversed and the cause is remanded to the trial court for an order consistent with this opinion on the issue of plaintiffs' right to permanent injunctive relief.

SMITH and VAN CISE, JJ., concur.