Peter C. HOWELLS, Stephen A. Mosher, and William Brown, being all the members of the Architectural Control Committee of Little Ranches, Plaintiffs-Appellees,

v.

Gordon Lee JOHNSON, d/b/a Gordon Johnson Construction Company, and A.W. Hulbert, d/b/a Hulbert Construction Company, Defendants-Appellants.

No. 81CA1223.

Colorado Court of Appeals, Div. I.

Dec. 8, 1983.

Ranson, Thomas, Cook & Livingston, Jon C. Thomas, Colorado Springs, for plaintiffs-appellees.

Makepeace & Winograd, Daniel W. Winograd, Colorado Springs, for defendants-appellants.

PIERCE, Judge.

In this action for breach of certain restrictive covenants governing a subdivision, defendants, Gordon Lee Johnson, d/b/a Gordon Johnson Construction Company and A.W. Hulbert, d/b/a Hulbert Construction Company (builders), appeal both the judgment entered in favor of plaintiffs, Peter C. Howells, Stephen A. Mosher, and William F. Brown, members of the Architectural Control Committee (ACC), and a qualified injunction which restrains builders from further construction on three specific properties. We conclude that the builders have now complied with the requirements set forth in the judgment of the court and, therefore, the controversy here is moot.

The ACC filed this action to restrain builders from continuing construction on three residences for which they had not submitted construction plans or specifications to, nor obtained approval of, the ACC for such construction.

The governing restrictive covenants mandate submission of plans for erection, placement, or alteration on any site, and approval of such plans by the ACC as to quality, workmanship, material, and proposed location, and "harmony of the exterior design with existing structures" as well as the "location with respect to topography and finish grade elevation."

The restrictive covenants also provide for the creation of the ACC and state that "three members [of the ACC] shall be appointed by A.C. Realty and Investment Company." Shortly after William F. Brown purchased approximately two-thirds of those lots comprising the subdivision, A.C. Realty assigned to him in writing the authority to make appointments to the ACC. Brown, thereafter, appointed Mosher, Howells, and himself as members of the ACC, each of whom were members of the committee prior to and during construction of the three residences in question.

At trial, the court confirmed the determination of the ACC that the structures involved did not meet the standards of the covenants, concluded builders had breached the restrictive covenants, and entered judgment for the ACC. Further, it issued an injunction restraining any further work on the three houses in question:

> "[P]ermanently, or until such time as the plans and specifications for such houses are approved in writing by the [ACC] as to one or more of the three, or until further order of the court...."

After trial, and while this appeal was pending, Brown appointed two new members to the ACC, relieving Mosher and Howells of their responsibilities. This second ACC, comprised of Brown and the two new members, approved the plans submitted by builders.

Upon being apprised of these facts by motion, this court issued an order remanding the cause to the trial court for further

hearings and findings on the compliance issue. The trial court found that compliance with the injunction had not occurred because the approval of plans had not been given by the ACC as comprised at the time of trial. We do not agree with this ruling.

■ If restrictive covenants specifically set forth the manner or procedure for effective transfer or delegation of authority to approve or disapprove plans, then such procedure must be complied with for effective approval or disapproval of plans to follow. *Ashelford v. Baltrusaitis,* 600 S.W.2d 581 (Mo.App.1980). However, if as here, no such procedure for transfer, delegation, or assignment of such authority is specified, and if, also as here, the original grantor is a corporation, such authority, whether characterized as a right or a duty may be "assigned." *Shields v. Welshire Development Co.,* 37 Del.Ch. 439, 144 A.2d 759 (1958).

■ We are not bound by the findings of the trial court when construing documents, *see Stratford v. Littlehorn,* 635 P.2d 910 (Colo.App.1981), and there is no authority in the covenants or in law which would allow us to rule that only the original ACC could make the final ruling as to the plans submitted by builders.

■ Here, it was established that AC Realty Company had delegated to Brown the authority to appoint members to the ACC. That delegation of authority was valid and carried with it the authority to change the membership of the ACC. Brown held this authority when the two new members of the ACC were appointed by him. Hence, the ACC's approval of the builders' plans resolves the dispute at issue.

The other alleged errors raised by builders have become moot.

The appeal is dismissed and the cause is remanded with directions that the trial court enter an order finding defendants in compliance with the injunction.

VAN CISE and BABCOCK, JJ., concur.