**DUREN, INC., a Colorado corporation, d/b/a "The Place", Petitioner-Appellee,**

v.

**The CITY OF LAKEWOOD, Colorado by and through its local Liquor Licensing Authority and its members, Duane E. Willey, Herbert L. Woodard, Catherine Revie, John Seberg, and John Worthington, Respondents-Appellants.**

No. 84CA0228.

Colorado Court of Appeals, Div. I.

July 11, 1985.

Rehearing Denied Aug. 8, 1985.

Certiorari Denied Nov. 4, 1985.

Dill, Dill & McAllister, Robert A. Dill, Denver, for petitioner-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, E. Hil Margolin, Denver, for respondents-appellants.

SMITH, Judge.

In this C.R.C.P. 106(a)(4) proceeding, the district court reversed an order of the Lakewood Liquor and Fermented Malt Beverage Licensing Authority (Authority) in which the Authority had determined on December 20, 1982, that the tavern license of Duren, Inc., d/b/a "The Place," should not be renewed. We reverse and remand with directions to reinstate the order.

Petitioner, Duren, Inc., is the holder of a tavern liquor license pertaining to its place of business within the City of Lakewood, Colorado. *See* § 12–47–119.5, C.R.S. (1979 Repl.Vol. 5). That license was initially granted in 1973, and was renewed yearly in accordance with § 12–47–106(1)(b), C.R.S. (1978 Repl.Vol. 5) during the years 1973 through 1981.

In late 1981, the Authority discovered that one Michael Duren held a substantial financial interest in the license, being the owner of 50% of the outstanding stock in Duren, Inc. This ownership interest had not been submitted to the authority for approval as required by law. Consequently, in January of 1982, proceedings were initiated to determine whether Duren, Inc., should be permitted to retain its license.

These proceedings culminated in a stipulation between the Authority and Duren, Inc. In that stipulation, Duren, Inc., admitted that it had misrepresented a material fact in its renewal application for the years 1979, 1980, and 1981, and that it had violated Department of Revenue Regulation 107.1(d) when it stated that none of its stockholders had been convicted of a crime in Colorado.

This stipulation dated February 25, 1982, provided that, within sixty days, Michael Duren would divest himself of all ownership, management, or other interests in the licensed premises and in the licensee, Duren, Inc. The stipulation further provided that, if the Authority and Lakewood City Attorney had not received the necessary evidence of Michael Duren's divestiture by expiration of the sixty day period, the licensee would appear at the next regularly scheduled meeting of the Authority and show cause why its license should not be revoked for violating the terms of the stipulation. It was further agreed that, upon both complete divestiture by Michael Duren and receipt by the Authority and the Lakewood City Attorney of adequate evidence thereof, the remaining charges would be dismissed.

It is undisputed that Duren, Inc., did not accomplish the divestiture to the satisfaction of the City of Lakewood within the sixty days provided in the stipulation, nor did it thereafter appear at the next regularly scheduled meeting of the Licensing Authority. As a result, Duren, Inc., was advised that the Authority would conduct a renewal hearing on the license in December 1982, pursuant to the terms of § 12–47–106(1)(b), C.R.S. (1978 Repl.Vol. 5). After

presentation of evidence at that hearing, the Licensing Authority found that the divestiture promised in the stipulation had not occurred. The Authority further found that the failure of Duren, Inc., and Michael Duren to cause Michael's divestiture was a knowing and willful violation of the stipulation.

It concluded, based upon these findings as well as the admissions contained in the stipulation, that Duren, Inc., Douglas Duren (another partial owner of Duren, Inc.), and Michael Duren were not persons of good moral character as required by § 12–47–111(1)(a)(III), C.R.S. (1978 Repl.Vol. 5), and, with respect to their character, record, and reputation, were not satisfactory to the licensing authority, in contravention of § 12–47–111(1)(a)(VIII), C.R.S. Based on these findings and conclusions, the Authority determined that the license of Duren, Inc., should not be renewed.

On review, the district court found that "the City waived its right to later fail to renew the license based upon failure to comply with the stipulation...." It also found that: "The record provided no evidence to support the conclusion of lack of good moral character on the part of [Duren, Inc., or Michael Duren] in connection with their liquor license."

In light of these findings, the court concluded that the Authority had acted arbitrarily and capriciously and had abused its discretion in refusing to renew the license. The court, therefore, reversed the decision of the Authority and ordered renewal of the license. We hold that in so doing it committed error.

## I.

The Authority first argues that the district court erred in holding that the stipulation imposed a burden on the Authority to act timely to revoke the liquor license of Duren, Inc., if adequate evidence of Michael Duren's divestiture was not supplied within the time allotted in the stipulation. Thus, it contends that the Court erred in holding that by waiting until the renewal proceedings to seek the revocation it had waived its right to rely on Duren's failure to comply with the stipulation. We agree that the trial court's ruling was in error.

We are not bound by the district court's construction of the written stipulation as this is a question of law. *Howells v. Johnson*, 676 P.2d 1240 (Colo.App.1983). We hold that, under the terms of the stipulation, Duren, Inc., assumed an affirmative duty either to provide the Authority with evidence satisfactory to the Authority of Michael Duren's divestiture within sixty days, or to appear before the Authority at its next scheduled meeting and show cause why the Authority should not revoke the license of Duren, Inc. Duren did neither.

The Authority agreed in the stipulation to waive its statutory right to revoke the liquor license in question based on past misrepresentations and failures to comply with the licensing statute only if Duren, Inc., accomplished the timely divestiture of Michael Duren's interest in the license. This did not occur.

Since waiver is a knowing and intentional relinquishment of a right, *Shoemaker v. Mountain States Telephone & Telegraph Co.*, 38 Colo.App. 321, 559 P.2d 721 (1976), the decision of the Authority to wait until the impending renewal hearing cannot constitute a waiver of its right to act upon the failure of Duren, Inc., to comply with the stipulation and to consider its past behavior. *See World of Sleep, Inc. v. Seidenfeld*, 674 P.2d 1005 (Colo.App.1983).

The doctrine of estoppel is, under some circumstances, applicable against a municipality to prevent manifest injustice, *see Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977), and the trial court may have intended to invoke that doctrine, rather than waiver. However, while estoppel is normally a question of fact, there can be no estoppel as a matter of law if the asserted reliance is not justified. *Farmers' Life Insurance Co. v. Hetherington*, 85 Colo. 255, 274 P. 926 (1929).

■ Here, there exists no evidence that Duren, Inc., justifiably relied upon any delay by the Licensing Authority. The record shows that, while it submitted some evidence within the sixty day period required under the stipulation, Duren, Inc., waited an additional five months to submit more conclusive documentation of Michael Duren's divestiture. In fact, Duren, Inc., withheld the additional documentation until after the Authority demanded to inspect its business records. The Authority meanwhile investigated Duren, Inc., to determine whether in fact Michael Duren had divested himself of his 50% ownership.

We conclude that Duren, Inc., obligated itself to satisfy the Authority that the required divestiture had been performed. And, in light of its past record of misrepresenting material information to the Authority, Duren, Inc., knew or should have known that the Authority would both investigate and require conclusive documentation of Michael Duren's alleged divestiture. Thus, Duren, Inc.'s, claimed reliance is unjustified.

## II.

The Authority next argues that the district court erred in reversing the Authority's finding that Duren, Inc., and Michael Duren are not persons of good moral character as required by § 12–47–111(1)(a)(III), C.R.S. (1978 Repl.Vol. 5). We agree.

■ Section 12–47–106(1)(b), C.R.S. (1978 Repl.Vol. 5), provides that: "The licensing authority may refuse to renew any license for good cause subject to judicial review." Upon review, a court may not substitute its judgment for that of the local licensing authority when there is any evidence in the record that supports the authority's conclusion. *Canjar v. Huerta*, 193 Colo. 388, 566 P.2d 1071 (1977).

■ The record discloses that Duren, Inc., admitted in its February 1982 stipulation that it had made false statements and had misrepresented ownership of Duren, Inc., on its applications for the three previous years. Even after agreeing to divesti-

ture, Michael Duren remained the highest paid employee of Duren, Inc., until September 1982. Evidence further shows that during that time Michael both controlled the corporate checking account and performed functions of a managerial employee of the establishment. Finally, Duren, Inc., neither removed Michael's signature from the corporate checking account nor transferred his shares back to the corporation until after the Authority notified it, in September 1982, that, because of its failure to comply with the stipulation and its previous misrepresentations, a hearing on renewal would be held.

These facts concerning the activities of the principals of Duren, Inc., are sufficient to support the Authority's finding that they were not persons of good moral character. *See Board of County Commissioners v. Thompson*, 167 Colo. 402, 448 P.2d 639 (1968).

The judgment is reversed and the cause is remanded with directions to reinstate the Authority's order refusing renewal of the license of Duren, Inc.

PIERCE and BABCOCK, JJ., concur.