**EAST 40TH CORPORATION, d/b/a Pace Liquors, Petitioner-Appellee,**

v.

**The CITY OF AURORA, By and Through ITS LOCAL LICENSING AUTHORITY and the Members Thereof, Respondents-Appellants.**

No. 85CA1664.

Colorado Court of Appeals, Div. II.

July 2, 1987.

Rehearing Denied Aug. 27, 1987.

Certiorari Denied (Aurora) Nov. 16, 1987.

Dill, Dill & McAllister, Robert A. Dill, Denver, for petitioner-appellee.

Charles H. Richardson, Patrick E. Kowaleski, Christopher K. Daly, Aurora, for respondents-appellants.

SMITH, Judge.

In this C.R.C.P. 106(a)(4) proceeding, the district court reversed an order of the Aurora Liquor Licensing Authority (Authority) denying the request of the East 40th Corporation d/b/a Pace Liquors (Pace) to alter or modify its premises. On appeal by the Authority, we affirm.

Pace operates a retail liquor store located inside a larger building which also contains the Pace Membership Warehouse that sells a variety of goods to those who qualify for membership. At the time Pace's original license was granted, the liquor store was set off from the rest of the building by means of a large plywood wall, and its only entrance was on the outside northeast corner of the building.

Pace requested that it be allowed to modify the liquor store premises by removing the plywood walls and leaving in place an existing chain-link fence barrier. It also sought to add an additional entrance to the liquor store from inside the building at the

southeast corner of the store. This entrance was to be located in a common area separate from the enclosed area which contained the membership warehouse operations. The exit via the checkout counters would also be on the inside of the building leading into the same common area.

Following a public hearing, the Authority denied the request for modification, finding that the changes proposed would impair and diminish the separate character of the premises.

Pace then sought judicial review of this decision, and, after a hearing on the matter, the district court found that the modification proposed by Pace would not change the licensed premises in any significant way nor cause it to lose its distinct and definite character. The court further determined that the Authority acted arbitrarily and capriciously in denying the modifications sought and ordered it to grant Pace's request.

On appeal, Authority argues that the trial court erred in finding that it had abused its discretion by denying Pace's application for modification of its premises. We disagree.

Section 12–47–103(15), C.R.S. (1985 Repl. Vol. 5) of the Colorado Liquor Code states: " 'Premises' means a distinct and definite location which may include a building, a part of a building, a room, or any other definite contiguous area."

In interpreting this provision, the words "distinct" and "definite" should be given their ordinary and generally accepted meanings. Section 2–4–101, C.R.S. (1986 Cum.Supp.). Distinct means "discriminated by a visible sign: ... characterized by qualities individualizing or distinguishing as apart from, unlike, or not identical with another or others...."; and definite means "having distinct or certain limits: determinate in extent or character: limited, fixed ... marked by absence of the ambiguous, obscure, doubtful, or tentative...." *Webster's Third International Dictionary,* 592 and 657.

It is true that a reviewing court may not substitute its judgment for that of the local licensing authority if there is any evidence in the record that supports the authority's conclusion. *Duren, Inc. v. City of Lakewood,* 709 P.2d 74 (Colo.App.1985). However, here, we find nothing in the record to support the authority's conclusion that the proposed modifications would impair and diminish the separate character of the liquor licensed premises.

Under the proposed modifications, both the membership warehouse and the liquor store would share the common entrance area into the building in which both are contained. However, the membership warehouse area of the building is a distinct enclosed area with a separate entry way. The liquor store is physically set apart from that area and would be enclosed within a chain-link fence barrier. It would also have a separate entrance, and its checkout counters would be used solely for the purchase of liquor and not items from the membership warehouse. We find nothing in those arrangements that would suggest any ambiguity about the distinctness and definiteness of the liquor store premises.

Accordingly, we agree with the trial court that the Authority abused its discretion and made an arbitrary and capricious decision in refusing to grant Pace's request for modification.

Judgment affirmed.

TURSI and BABCOCK, JJ., concur.