Rules made absolute.

■

**No. 28216**

**In the Matter of the Application for Water Rights of Theodore C. Simineo and Madeline E. Simineo, in the Gunnison River, in Delta County, Colorado**

(607 P.2d 1289)

Decided February 19, 1980.                    Rehearing denied April 14, 1980.

Philip Charles Klingsmith, Jr., for appellants.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Hubert A. Farbes, Jr., First Assistant Attorney General, John C. Ohrenschall, Assistant, for appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

This case is an appeal from a decision of the district court in Water Division No. 4 (hereinafter referred to as the "water court"). We affirm the water court.

In 1889, A. A. Smith owned a farm in Delta County for which he obtained an absolute decree for .75 cubic feet per second of time (c.f.s.) and a conditional decree for 1.85 c.f.s. of water from Bell Creek. In 1954, the farm was owned by Elmo and Margery Spore, who obtained an absolute decree for .50 c.f.s. with Priority J-34, and an absolute decree for 1.25 c.f.s. and a conditional decree for .50 c.f.s. with Priority J-237 from the

same point of diversion as that obtained by A. A. Smith out of Bell Creek. In 1957, the appellants purchased the farm from the Spores but were not aware until 1977 that the conditional decree for 1.85 c.f.s. existed.

On November 14, 1974, the water court caused a notice to appear in a newspaper published at Delta, Colorado, within Water Division No. 4, stating that no due diligence had been shown in connection with certain listed conditional water decrees, and notifying the owners of record of those decrees, or their successors in interest, that they should appear in court on specified dates to show cause why the decrees should not be cancelled. The 1889 conditional decree involved in this case was listed in the notice. In addition, the water court caused a certified letter to be mailed to A. A. Smith, the record owner of the 1889 conditional decree, containing the same notice. The letter was returned to the water court marked "addressee unknown." The appellants state that they did not see the newspaper publication or receive the letter mailed to A. A. Smith.

On March 5, 1975, since no appearance was made by any party to oppose the cancellation of the 1889 conditional decree, the water court entered an order cancelling it. In December 1977, after the appellants learned of the existence of the decree and its cancellation, they filed a motion in the water court to set aside the order of cancellation and to reinstate the decree, alleging that they "were unaware that the conditional decree . . . had not been decreed absolute and inadvertently failed to apply to the court for an absolute decree . . . ." A hearing was held in March 1978 on appellants' motion, at which time they testified that, beginning at least as early as 1928, they and their predecessors in title had applied to beneficial use for irrigation and domestic purposes the water which had been conditionally decreed. They neither asserted nor proved that they were prevented from filing an application for diligence because of conditions beyond their control. Section 37-92-601, C.R.S. 1973. The water court denied the motion and later denied the appellants' motion to alter or amend the judgment.

The issues raised in this appeal are: (1) did the water court have jurisdiction to cancel the 1889 conditional decree? (2) should the water court be estopped from cancelling the 1889 conditional decree because of the inclusion of that decree in the 1974 tabulation of water rights priorities prepared by the division engineer for Water Division No. 4, pursuant to section 37-92-401 *et seq.*, C.R.S. 1973?

I.

The first argument made by appellants is that the water court had no jurisdiction to cancel the 1889 conditional water decree because the acts of the court were not based upon any procedure established by the common law or by the legislature.

The answer to this argument is that the legislature in 1969 passed the Water Right determination and Administration Act (1969

Act), section 37-92-101 *et seq.*, C.R.S. 1973, in which it required that owners or users of conditional water rights would be required to obtain findings of reasonable diligence every two years (amended in 1973 to every four years) or lose their rights. Section 37-92-301(4), C.R.S. 1973. As part of the 1969 Act, the legislature also required that the owner or user of conditional water rights make a first showing of reasonable diligence in 1970 (later amended to 1972). Section 37-92-601, C.R.S. 1973. The legislature, by its enactment of the 1969 Act, established a mandatory procedure whereby owners or users of conditional water rights were required to obtain findings of reasonable diligence or suffer the loss of the conditional water rights.

The facts of this case are strikingly similar to those found in *Town of De Beque v. Enewold*, 199 Colo. 110, 606 P.2d 48 (1980). In *Town of De Beque,* the town had a decreed conditional water right pursuant to which water had been applied to a beneficial use for many years. Its officials were unaware until 1977 of the requirements of sections 37-92-301(4) and 601, C.R.S. 1973. The trial court, although accepting their claim that they had in fact proceeded with due diligence, nevertheless cancelled the conditional water right decree.

■ Here, as in *Town of De Beque,* the appellants inadvertently failed to file an application for, and obtain a finding of, reasonable diligence in 1971 as mandated by section 37-92-601, C.R.S. 1973. In *Town of De Beque, supra,* we affirmed the trial court and, for the reasons more fully expressed therein, we affirm the order of the trial court here in cancelling the 1889 conditional decree.

## II.

The appellants contend that the water court should be estopped from cancelling the 1889 conditional decree because that decree was included in the 1974 tabulation of water rights priorities prepared by the division engineer for Water Division No. 4 pursuant to section 37-92-401 *et seq.,* C.R.S. 1973. We disagree.

■ We proceed no further with the estoppel argument than to state that there can be no estoppel as a matter of law when the reliance asserted by the party claiming the estoppel is not justifiable or reasonable under the circumstances of the case considered as a whole. *Aubert v. Town of Fruita,* 192 Colo. 372, 559 P.2d 232 (1977); *Farmers Life Insurance Company v. Hetherington,* 85 Colo. 255, 274 P. 926 (1929).

■ We therefore hold that the water court was not estopped in the circumstances of this case from cancelling the 1889 conditional decree.

For the foregoing reasons, we affirm the water court's denial of the appellants' motion to set aside the order of cancellation of the conditional decree.

Judgment affirmed.