BAR 70 ENTERPRISES, INC.,
Objector-Appellant,

v.

HIGHLAND DITCH ASSOCIATION,
Applicant-Appellee.

No. 83SA353.

Supreme Court of Colorado,
En Banc.

Jan. 14, 1985.

As Modified on Denial of Rehearing
Feb. 4, 1985.

Musick & Cope, Joseph A. Cope, Robert F. Wigington, Boulder, for objector-appellant.

Delaney & Balcomb, P.C., Scott Balcomb, Pamela H. Prescott, Glenwood Springs, Frank G. Cooley, Meeker, for applicant-appellee.

ROVIRA, Justice.

This case is an appeal from a decision of the district court in Water Division No. 5 (the "water court"). The water court held that the late filing of an application for a finding of reasonable diligence did not preclude the applicant from proving diligence, and found reasonable diligence in Highland Ditch Association's (Highland) development of the proposed appropriation of 50.1 cubic feet of water per second (cfs) from the White River in Rio Blanco County for projected domestic, municipal, stock, and industrial purposes. We reverse.

I.

On December 27, 1976, Highland filed an "Application for Water Right" in the water court claiming an absolute water right for

50.1 cfs "for irrigation, stock water, domestic uses, as well as municipal and industrial and all beneficial uses recognized by law." The application was filed after it was discovered earlier in that year that Highland had been diverting approximately 190 cfs when the ditch was only decreed for a total of 135.3 cfs absolute. On August 23, 1977, the referee awarded Highland an absolute water right for 50.1 cfs for irrigation purposes, and a conditional water right for the same water for domestic, municipal, stock, and industrial uses with an appropriation date of May 1, 1968. The water court confirmed and approved the referee's ruling and made the ruling its judgment and decree on November 11, 1977.

As required by section 37–92–301(4), 15 C.R.S. (1973),[1] of the Water Right Determination and Administration Act of 1969 (the 1969 Act), the referee's ruling specified that as to the water conditionally awarded, an application for a quadrennial finding of reasonable diligence was to be filed with the water clerk during

> August of 1981 and in August of every fourth calendar year thereafter so long as the claimant desires to maintain the conditional water right or until a determination has been made that the conditional water right has become an absolute water right by reason of the completion of the appropriation.

In May 1981, the clerk of the water court, pursuant to section 37–92–305(7), 15 C.R.S. (1984 Supp.),[2] sent a certified letter addressed to Highland's attorney, president, and secretary-treasurer notifying them

that the conditional water right would be considered abandoned and cancelled unless an application for a quadrennial finding of reasonable diligence was filed during the month of August, 1981. Despite the August deadline set out in the ruling, decree, and notice, Highland did not file its application for a quadrennial finding until September 4, 1981.

On November 30, 1981, Bar 70 Enterprises, Inc. (Bar 70) filed its statement of opposition to Highland's application in the water court. Bar 70 claimed that if the application was granted, its water rights could be injured. It also claimed that Highland may not have been reasonably diligent, but did not raise the issue of Highland's late filing. Sixteen months later and only eight days before trial, Bar 70 discovered the late filing and filed a motion for summary judgment claiming that since Highland's application was not filed in August, 1981, the conditional water rights were abandoned and the application should be denied as a matter of law. On the first day of trial, the water judge orally denied the motion on the grounds that motions for summary judgment are designed to save trial time and that filing such a motion on the eve of trial did not save much time for anybody.

Following a two-day trial, the water court entered its written "Findings and Judgment" on April 4, 1983. With respect to Bar 70's objection to the late filing, the water court ruled that a conditional water right

> is not automatically deemed abandoned or, more accurately, subject to cancella-

---

**1.** Section 37–92–301(4), 15 C.R.S. (1973) provides:

> In every fourth calendar year after the calendar year in which a determination is made with respect to a conditional water right, the owner or user thereof, if he desires to maintain the same, shall obtain a finding by the referee of reasonable diligence in the development of the proposed appropriation, or said conditional water right shall be considered abandoned. The ruling of the referee and the judgment and decree of the court determining a conditional water right shall specify the month in such calendar year in which application for a quadrennial finding of reasonable

> diligence shall be filed with the water clerk pursuant to section 37–92–302(1).

**2.** Section 37–92–305(7), 15 C.R.S. (1984 Supp.) provides:

> Prior to the cancellation or expiration of a conditional water right granted pursuant to a conditional decree, the court wherein such decree was granted shall give notice, within not less than sixty days nor more than ninety days, by certified or registered mail to all persons to whom such conditional right was granted, at the last known address appearing on the records of such court.

> The parties have not raised any issue concerning the timeliness of sending the notice.

tion by mere nonfiling. Under the 1975 amendment, ... [§ 37–92–305(7), 15 C.R.S. (1984 Supp.)], for a conditional decree to fail because of nonfiling, there must be a nonfiling and also a failure adequately to respond to notice by registered or certified mail to show cause why the decree should not be cancelled. Upon a showing of a continued intent to appropriate or to complete the appropriation, the decree should not be cancelled for mere failure to file within the four year period of diligence as required by the statute.

The water court then found that diligence had been shown to the extent of 50.1 cfs for domestic and municipal use, to the extent of 40 cfs for stock use, and the entire 50.1 cfs for industrial purposes without limitation as to oil shale or gravel operations.

## II.

Bar 70 objects to the water court's ruling that conditional water rights cannot be cancelled or abandoned under section 301(4) because of a late filing where an applicant adequately responds to the notice required by section 305(7) and can show diligence. Bar 70 argues that *Town of De Beque v. Enewold*, 199 Colo. 110, 606 P.2d 48 (1980) requires a holder of conditional water rights to comply with the filing requirements of section 301(4) or lose those rights. In support of the water court's ruling, Highland argues that *De Beque* is not controlling since the notice provisions of section 305(7) did not apply in *De Beque*. Therefore, it was entitled to make a showing of diligence after adequately responding to the notice, even if it did file four days late.

**3.** We also held in *De Beque* that a failure to comply with section 37–92–601, 15 C.R.S. (1973), resulted in a loss of conditional rights. In addition to the requirements of section 301(4), section 601 required the holders in *De Beque* to file applications for diligence findings by 1972 because their rights were decreed before the enactment of the 1969 Act.

The court also rejected the holders' argument in *De Beque* that the 1971 amendment to section

■ Initially, we note that the purpose behind section 301(4) is to prevent the accumulation of conditional water rights without diligent efforts to complete projects to the detriment of those needing and seeking to make immediate beneficial use of the same water. *Colorado River Water Conservation District v. City and County of Denver*, 640 P.2d 1139 (Colo.1982). Section 301(4) thus requires holders of conditional water rights to obtain a finding of reasonable diligence every four years. That section also expressly states that applications for such findings shall be filed with the water clerk in the month and calendar year specified by the ruling of the referee and by the judgment and decree of the court determining a conditional water right.

In *De Beque,* we held that the owner or user of a conditional decree must comply with section 301(4) and that a failure to do so results in the loss of his conditional rights. 199 Colo. at 118, 606 P.2d at 54.[3] *See also Simineo v. Kelling,* 199 Colo. 225, 607 P.2d 1289 (1980). Before reaching this conclusion, we found that the General Assembly had equated a failure to obtain a finding of reasonable diligence under section 301(4) with a "failure to develop with reasonable diligence," the statutory definition of abandonment of a conditional water right found in section 103(1).

Highland points out, however, that the conditional water rights holders in *De Beque* had argued that they were entitled to, but did not receive, the benefit of the notice provision in section 305(7) before cancellation of their rights. We found that section 305(7) did not apply because it was adopted after the time period set out in section 301(4) had already expired.[4] We reasoned that section 305(7) could not be applied retroactively to revive conditional water

601, which extended the filing deadline for initial showings of diligence from 1970 to 1972, demonstrated that the legislature did not intend that conditional water rights would be lost because of an untimely filing.

**4.** We also found that the time period set out in section 601 had also expired before the enactment of section 305(7). *See* note 3, *supra.*

rights already considered abandoned on the basis that holders of those rights did not receive notice prior to cancellation. We expressly reserved the question of whether section 305(7) entitled a conditional water rights holder to a hearing prior to any judicial cancellation of such rights where such a holder was entitled to, but did not receive, notice. That question is again not before us. Here, Highland received its section 305(7) notice from the clerk of the water court that its conditional water right would be cancelled unless an application was filed in August of 1981. Therefore, the issue here is whether the notice requirements of section 305(7) modify the filing requirements of section 301(4).

█ Section 305(7) was added to the 1969 Act in 1975 and demonstrates the legislative recognition of the serious consequences that would befall the owner or user of a conditional water right who failed to obtain a diligence finding. *De Beque*, 199 Colo. at 118, 606 P.2d at 53. We do not agree, however, with the water court's interpretation of section 305(7) that for a conditional decree to fail there must be a nonfiling and also a failure to respond to notice sent by registered or certified mail to show cause why the decree should not be cancelled. The water court's interpretation of the statute would extend or altogether ignore the precise filing period specified in section 301(4) and enable holders of conditional water rights to preserve them even if they do not file within the time mandated under the decree and judgment of the court and the section 305(7) notice. Our approval of such an interpretation would signal a retreat to the permissive nature of the old legislative scheme, which allowed holders of conditional decrees to hold their decrees until other appropriators might initiate proceedings to place their decrees in issue. *See, e.g., Colorado River Water Conservation District v. Twin Lakes Reservoir and Canal Co.,* 171 Colo. 561, 468 P.2d 853 (1970) (applying the old diligence statute, § 148–10–8(4), 7 C.R.S. (1963)).

The legislature enacted section 305(7) to alert holders of conditional water rights to the potential cancellation or expiration of their rights under section 301(4). No language in section 305(7) modifies the filing deadlines of section 301(4). Moreover, we find no legislative intent to weaken the effect of the filing requirements of section 301(4) by the enactment of section 305(7). To the contrary, section 305(7) complements section 301(4) by reminding holders of the serious consequences of noncompliance.

█ The language of section 301(4) is clear and unequivocal. Since Highland failed to file its due diligence application during the month of August 1981, its conditional water right is considered abandoned, and therefore terminated.

Accordingly, the judgment is reversed.