Concerning the Application for Water Rights of: Purgatoire River Water Conservancy District, In Las Animas County.

The **FORT LYON CANAL COMPANY,**
Appellant/Cross–Appellee,

v.

**PURGATOIRE RIVER WATER CONSERVANCY DISTRICT,**
Appellee/Cross–Appellant,

and

the Southeastern Colorado Water Conservancy District, Steven J. Witte, Division Engineer, Water Division No. 2, District 67 Irrigating Canals Association, individually, and for its members, as follows: the Amity Mutual Irrigation Company, the Fort Bent Canal and Irrigation Company, Keesee Ditch, Buffalo Mutual Irrigation Company, X Y & Graham Canals, Lamar Canal and Irrigation Company, Manval Canal and Irrigation Company, the Hyde Mutual Ditch Company, and the Amity Mutual Irrigation Company, individually, and Jake O. Broyles, individually, Appellees.

No. 90SA420.

Supreme Court of Colorado,
En Banc.

Oct. 7, 1991.

---

Lefferdink & Bullock, John S. Lefferdink, Lamar, for appellant/cross-appellee.

M.E. MacDougall, Colorado Springs, for Purgatoire River Water Conservancy Dist.

Shinn Lawyers, Carl M. Shinn, Lamar, for District 67 Irrigating Canals Ass'n and Jake O. Broyles.

Chief Justice ROVIRA delivered the Opinion of the Court.

This appeal brought by the Fort Lyon Canal Company (Fort Lyon) arises from an order of the Water Judge of the District Court in and for Water Division 2 reinstating a conditional water right held by Purgatoire River Water Conservancy District (Purgatoire). The order of reinstatement followed an order canceling Purgatoire's right for failure to comply with the quadrennial filing deadline for an application for finding of reasonable diligence. Purgatoire cross-appeals and seeks a determination that the water court erred in canceling its conditional water right and correctly reinstated that right on July 17, 1990. We vacate the order of reinstatement.

I

In April 1972, Purgatoire was awarded a conditional water storage right identified as the Silt Control Section of the Trinidad Reservoir Project. Pursuant to that decree, Purgatoire was required to file an application for a finding of reasonable diligence every four years. *See* 1963 C.R.S. § 148–21–18(1). Such applications were timely filed by Purgatoire until 1989. An application for a finding of reasonable diligence was due from Purgatoire in April of 1989. Purgatoire, however, did not file the application until May 11, 1989, thus failing to meet the statutory filing deadline set out in section 37–92–301(4), 15 C.R.S. (1973).[1]

---

1. The filing was late despite appropriate notice by the trial court to Purgatoire in February 1989 of the April filing requirement and despite the order of an interim decree in February 1988, which stated that Purgatoire must still file an

On May 11, 1989, along with an application to make its conditional water right absolute, Purgatoire filed a motion pursuant to C.R.C.P. 60(b) for relief from previous orders which required a filing for reasonable diligence in April 1989, and requested an extension of time for the filing of that application. Purgatoire asserted mistake and inadvertence as grounds for relief. The water judge entered an order on May 31, 1989, allowing Purgatoire to file its application despite the tardy filing. Subsequently, statements of opposition were filed by Fort Lyon, the Southeastern Colorado Water Conservancy District, and the District 67 Irrigating Canals Association (District 67). The opposition was based in part on the untimeliness of the filing of the application for a finding of reasonable diligence. District 67 further asserted that the water court lacked jurisdiction to enter any orders after Purgatoire failed to timely file its application for a finding of reasonable diligence.

Purgatoire requested the court to rule, *in limine,* on the issue of the timeliness of the May 11, 1989 application, to make findings upon that application and to award an absolute water right. In response to District 67's objection, Purgatoire also requested a ruling on the jurisdiction of the court to enter the order of May 31, 1989. Not addressing the jurisdiction issue, the water judge entered an order on January 22, 1990, canceling Purgatoire's conditional water storage right after finding that the late filing by Purgatoire was not due to any circumstance beyond its control.

Effective April 13, 1990, Senate Bill 90–13 was adopted by the Colorado legislature, changing the filing requirement for due diligence applications for conditional water rights from every four years to every six years. *See* § 37-92-301(4)(a), 15 C.R.S. (1990). Relying on this change, Purgatoire filed a motion for relief from the January 22, 1990 order pursuant to C.R.C.P. 60(b)(5)

asserting that it should be entitled to the benefit of the amendment.[2] Finding that the legislature intended by the amendment to change provisions in existing conditional decrees, the water judge entered an order reinstating Purgatoire's conditional water right on July 17, 1990.

Fort Lyon appeals the July 17, 1990 order, asserting that the trial court improperly applied section 37-92-301(4), 15 C.R.S. (1990), and erred in reinstating the conditional water right. Purgatoire has filed a cross-appeal asserting that the court erred in its order of January 22, 1990, canceling Purgatoire's conditional water right.

## II

■ We first determine whether the water court erred in canceling Purgatoire's conditional water right because Purgatoire failed to comply with the filing deadline.

Section 37-92-301(4), 15 C.R.S. (1973), in effect in April 1989, required:

In every fourth calendar year after the calendar year in which a determination is made with respect to a conditional water right, the owner or user thereof, if he desires to maintain the same, shall obtain a finding by the referee of reasonable diligence in the development of the proposed appropriation, or said conditional water right shall be considered abandoned. . . .

This section has been characterized as being in the nature of a statute of limitations, *Town of De Beque v. Enewold,* 199 Colo. 110, 117, 606 P.2d 48, 53 (1980), and we have previously recognized that noncompliance results in serious consequences. *See Bar 70 Enterprises, Inc. v. Highland Ditch Ass'n,* 694 P.2d 1253, 1256 (Colo. 1985). On several occasions, this court has affirmed the cancellation of a conditional water right for failure to timely file an application for a finding of reasonable diligence. *Broyles v. Fort Lyon Canal Com-*

application for reasonable diligence in April 1989.

2. C.R.C.P. 60(b) sets forth grounds for relief from judgments or orders and states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) any other reason justifying relief from the operation of the judgment.

*pany*, 695 P.2d 1136 (Colo.1985); *Bar 70 Enterprises, Inc. v. Highland Ditch Ass'n*, 694 P.2d 1253 (Colo.1985); *Matter of Simineo v. Kelling*, 199 Colo. 225, 607 P.2d 1289 (1980); *Town of De Beque v. Enewold*, 199 Colo. 110, 606 P.2d 48 (1980). As we have previously stated, failure to meet the filing deadline constitutes an abandonment of conditional water rights and mandates their cancellation. *De Beque*, 199 Colo. at 117–118, 606 P.2d at 53–54.

In *Broyles*, two weeks after an order of cancellation of conditional water rights was entered for failure to timely file an application for a finding of reasonable diligence, the applicants filed for relief from judgment pursuant to C.R.C.P. 60(b). They asserted inadvertence and excusable neglect as grounds for the late filing. That motion was granted and the applicants were given additional time to file. Subsequently, the water court, finding that inadvertence and excusable neglect were not legally sufficient grounds on which to set aside an order canceling water rights for failure to timely file an application for diligence findings, held the order allowing extended time for filing to be in error. The court then canceled the applicants' conditional water rights. *Broyles*, 695 P.2d at 1141.

In affirming we noted that, since section 37–92–301(4) was in the nature of a statute of limitations, the time period could be tolled only by a finding that the person possessing and asserting the right to toll is a "person under disability" within the meaning of section 13–81–101(3), 6 C.R.S. (1984 Supp.). Accordingly, a claim of mistake and inadvertence was insufficient to toll the time period requirement of section 37–92–301(4).

■ As in *Broyles*, Purgatoire asserted only mistake and inadvertence for its failure to timely file an application for a finding of reasonable diligence. In its C.R.C.P. 60(b) motion, counsel for Purgatoire characterized the inadvertence and mistake as conditions beyond her control. Counsel explained that the tardy filing was the result of a mistake in following standard office procedure. In its order of January 22, 1990, the district court, relying on *Broyles*,

found that there were no conditions beyond Purgatoire's control to prevent timely filing.

We hold that the trial court properly relied on *Broyles* in finding that the grounds of mistake or inadvertence are insufficient to overcome failure to timely file and that the court did not err in canceling Purgatoire's water right. *See also De Beque*, 199 Colo. at 119, 606 P.2d at 54; *Simineo*, 199 Colo. at 228, 607 P.2d at 1290.

■ We further find that the order of May 31, 1989, allowing the untimely filing has no effect on the water court's authority to cancel the conditional water right previously granted. As we stated in *Broyles*, 695 P.2d at 1144, every ruling or order made during an ongoing proceeding is subject to rescission or modification upon proper grounds.

### III

■ We now consider the court's order of July 17, 1990, reinstating Purgatoire's water rights. One year after the application for a finding of reasonable diligence was due and almost twelve weeks after Purgatoire's conditional water right had been canceled, section 37–92–301(4)(a), 15 C.R.S. (1990), was adopted by the legislature. As pertinent here, this amendment increased the time period between diligence applications from four years to six years and provided that "[t]he provisions of this paragraph (a) shall supersede any contrary provision or requirement of a previous conditional decree or determination of reasonable diligence." The court's order reinstating Purgatoire's water rights was based upon a finding that the amendment changes the diligence period from four years to six years and "the legislature intended by this amendment to change provisions in existing conditional decrees."

We considered a similar situation in *De Beque*. In that case, two applicants failed to timely file applications for finding of reasonable diligence in 1972. Consequently, in 1978, in separate actions, the trial court terminated their conditional water

rights. The applicants argued that these terminations were in error because they were entitled to, but did not receive, the benefit of a 1975 amendment adding section 305(7) to the Water Right Determination and Administration Act of 1969. *See* §§ 37–92–101 to –602, 15 C.R.S. (1973). Section 305(7) required notice to applicants prior to cancellation or expiration of their conditional water rights. We held, however, that since the amendment was adopted after the time had already expired for filing applications, the 1975 amendment could not be applied retroactively to revive water rights considered abandoned in 1972. *De Beque*, 199 Colo. at 118, 606 P.2d at 53. *See also Bar 70 Enterprises*, 694 P.2d at 1255. Our holding was based on recognition of the legislative intent to require strict compliance with the filing requirements of section 301(4). *De Beque*, 199 Colo. at 118, 606 P.2d at 53.

■ Purgatoire sought and obtained reinstatement of its previously canceled water right on grounds similar to those that failed in *De Beque*. Purgatoire seeks the benefit of a statutory amendment that was enacted almost one year after it abandoned its conditional water right by failing to meet the filing deadline of section 37–92–301(4). Our holding in *De Beque* makes clear that conditional water rights are abandoned and terminated as of the date the filing deadline of section 37–92–301(4) is missed. *Id.* Purgatoire, therefore, no longer held a conditional water right at the time of the amendment's enactment in April 1990.

Purgatoire also argues that the language of amended section 37–92–301(4) that it "shall supersede any contrary provision or requirement of a previous conditional decree or determination of reasonable diligence" manifests a legislative intent that all prior conditional water rights were affected. We disagree. The legislature has enacted similar amendments in the past. Reasonable diligence findings for conditional decrees were required every two years until an amendment to the 1969 Act was adopted in 1973, extending the period to every four years. *See* § 37–92–301(4), 15

C.R.S. (1973). From 1973 until 1990 these applications were required every four years. Previously, however, no amendment contained language that the new time period provision would "supersede any contrary provision or requirement of a previous conditional decree...." § 37–92–301(4)(a), 15 C.R.S. (1990).

In development of this amendment, Senate Bill 90–13 was originally passed out of the Senate Committee containing language that the new six-year period did "not apply to any existing decree which sets a time certain for filing a subsequent application, but shall apply to any decree entered after the effective date hereof." *Hearings on S.B. 13 Before the Senate Comm. on Agriculture, Natural Resources and Energy, Senate Comm. of Reference Report*, 57th Gen. Assembly, 2nd Sess. (Feb. 6, 1990). This provision was subsequently discussed and amended by the House Committee on Agriculture, Livestock and Natural Resources. The House Committee unanimously adopted the amended language that the longer six-year period shall "supersede any contrary provision of a previous conditional decree or determination of reasonable diligence." *Hearings on S.B. 13 Before the House Comm. on Agriculture, Livestock and Natural Resources*, 57th Gen. Assembly, 2nd Sess., at 2:50 P.M. (Audio Tape Feb. 28, 1990). James DuBois, the witness who suggested the new language in testimony before the House Committee, explained that the provision "would make this bill apply to all existing as well as future decrees ..." so "that someone who had a decree granted earlier this year wouldn't have four years [while] someone who gets the diligence finding at the end of this year gets the longer six-year period." *Id.* at 2:08 P.M.

In *Bar 70*, 694 P.2d at 1255, we stated that the purpose of section 301(4) is to prevent water rights from accumulating without diligent efforts to convert the water to beneficial use. Having articulated in *De Beque* the legislature's continued recognition of the importance in requiring timely findings of reasonable diligence despite amendments extending the filing periods, we believe that the legislature did not act

with a contrary intent in enacting the 1990 amendment. Neither the language of the amendment nor the testimony before the legislature in support of the amendment manifests an intent that it should be applied to revive all water rights previously extinguished for failure to file within the effective time period.

We hold that, as in *De Beque*, this amendment does not apply retroactively to resurrect a water right considered abandoned and canceled by judicial order for failure to timely file an application for finding of reasonable diligence. Because of our conclusion that the court was initially correct in its January 22, 1990 order canceling Purgatoire's water right, and incorrect in the subsequent reinstatement of the right, we need not address separately the issues raised by Purgatoire in its cross-appeal.

Accordingly, the trial court's order of July 17, 1990 is vacated.