George C. DARBY, Appellant,

v.

ALL J LAND AND RENTAL COMPANY, Roy F. Young and Division Engineer, Water Division No. 1, Appellees.

No. 90SA512.

Supreme Court of Colorado,
En Banc.

Nov. 25, 1991.

Krassa, Lindholm, Kumli & Madsen, David C. Lindholm, Boulder, for appellant.

Appellees not appearing.

Justice ERICKSON delivered the Opinion of the Court.

This is an appeal from an October 1, 1990, judgment and decree of the District Court, Water Division No. 1, finding reasonable diligence for continuing the conditional water rights decreed to George C. Darby. Darby filed a timely application for a finding of reasonable diligence to maintain his decreed conditional water rights. A statement of opposition was filed by All J Land & Rental Co. and Roy F. Young. The parties ended the controversy with a stipulation that approved a proposed order continuing the conditional rights in full force and effect until September 1996. The order tendered to the court pursuant to the stipulation provided that if Darby "desires to maintain such decree, an Application for a Finding of Reasonable Diligence shall be filed on or before September, 1996." The water judge, *sua sponte*, changed the proposed order by striking the year 1996 and inserting the year 1992 as the time for the next application for a finding of reasonable diligence. Darby appeals from the change made by the water court. The parties who filed the statement of opposition have filed a notice of nonparticipation in this appeal, stating that they "stipulated to the decree in the trial court and do not intend to participate in the Appeal thereof."

The sole issue on appeal is whether the trial court erred in changing the date from 1996 to 1992 for the filing of a subsequent application for a finding of reasonable diligence. We reverse and remand with directions to amend the order by striking September 1992 and inserting October 1996, six years from the date the decree was signed.

I

Our resolution of the issue is based upon our interpretation of an amendment to section 37–92–301(4), 15 C.R.S. (1973), enacted by the General Assembly in 1990. Ch. 269,

sec. 1, § 37–92–301, 1990 Colo.Sess.Laws 1625. The statute prior to the amendment provided:

> In every *fourth* calendar year after the calendar year in which a water right is conditionally decreed, the owner or user thereof, if he desires to maintain the same, shall file an application for a *quadrennial* finding of reasonable diligence or said conditional water right shall be considered abandoned. The judgment and decree of the Court shall specify the month and calendar year in which the application for a *quadrennial* finding of reasonable diligence shall be filed with the water clerk pursuant to § 37–92–302(1), and such application shall be filed during the same month *every four years thereafter* until the right is made absolute or otherwise disposed of.

§ 37–92–301(4), 15 C.R.S. (1973) (emphasis added). The amended statutory requirements for perfecting a conditional water right state:

> In every *sixth* calendar year after the calendar year in which a water right is conditionally decreed, *or in which a finding of reasonable diligence has been decreed,* the owner or user thereof, if he desires to maintain said conditional water right shall file an application for a finding of reasonable diligence, or said conditional water right shall be considered abandoned. The judgment and decree of the court shall specify the month and calendar year in which a subsequent application for a finding of reasonable diligence shall be filed with the water clerk pursuant to section 37–92–302(1). A subsequent application shall be filed during the same month *as the previous decree was entered every six years after such entry of the decree* until the right is made absolute or otherwise disposed of. The provisions of this paragraph (a) shall supersede any contrary provision or requirement of a previous conditional decree or determination of reasonable diligence.

§ 37–92–301(4)(a), 15 C.R.S. (1990) (emphasis added).

In construing section 37–92–301(4)(a), as amended, the principles of statutory construction summarized in *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555 (Colo.1989), are applicable. In that case we stated:

> [A] court's primary task in construing a statute is to give effect to the legislative purpose underlying the enactment. *E.g., Colorado Common Cause v. Meyer,* 758 P.2d 153, 160 (Colo.1988); *People v. Guenther,* 740 P.2d 971, 975 (Colo.1987); *Engelbrecht v. Hartford Accident and Indemnity Co.,* 680 P.2d 231, 233 (Colo. 1984). To determine legislative purpose we first look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning. *Colorado Common Cause,* 758 P.2d at 160; *Guenther,* 740 P.2d at 975; *People v. District Court,* 713 P.2d 918, 921 (Colo.1986). Where the statutory language is clear and unambiguous there is no need to resort to interpretative rules of statutory construction; the statute, in that instance, should be applied as written, since it may be presumed that the General Assembly meant what it clearly said. *E.g., State Board of Equalization v. American Airlines, Inc.,* 773 P.2d 1033, 1040 (Colo.1989).
>
> If, however, statutory language is uncertain as to its intended scope, with the result that the statutory text lends itself to alternative constructions, then a court may appropriately look to pertinent legislative history in determining which alternative construction is in accordance with the objective sought to be achieved by the legislation, § 2–4–203(1)(c), 1B C.R.S. (1980); *State Board of Equalization,* 773 P.2d 1033, 1040 (Colo.1989); ....

*Griffin,* 775 P.2d at 559.

■ An amendment to a statute generally reflects an intent to change the law. *People v. Hale,* 654 P.2d 849, 851 (Colo. 1982); *Ridge Erection Co. v. Mountain States Tel. & Tel.,* 37 Colo.App. 477, 481, 549 P.2d 408, 411 (1976); *see also Bar 70 Enters., Inc. v. Tosco Corp.,* 703 P.2d 1297, 1304 n. 5 (Colo.1985).

## II

■ In applying section 37–92–301(4)(a), 15 C.R.S. (1990) (amending § 37–92–301(4), 15 C.R.S. (1973)), the water court stated:

The Court is aware that more than one interpretation is being given to the amendment of C.R.S. § 37–92–301(4). The interpretation given the amendment in Water Division No. 1 is that the amendment increased the diligence period from four to six years. Therefore, as in this case, if an applicant was required to file an application for due diligence in 1990 prior to the amendment, the amendment gave the applicant an additional two years—until 1992—to file an application for due diligence.

By replacing the words "fourth" and "four" with "sixth" and "six," the 1990 amendment to section 37–92–301(4)(a) extended the four year filing period to six years. *See* Act approved April 13, 1990, ch. 269, sec. 1, 1990 Colo.Sess.Laws 1625; *Fort Lyon Canal Co. v. Purgatoire River Water Conservancy Dist.*, 818 P.2d 747, 750 (Colo.1991). The primary question is when does the six-year period begin. Darby contends that the 1990 amendment to section 37–92–301(4)(a) eliminated the date on which the original conditional decree was entered as the controlling date and replaced it with the date on which the last finding of reasonable diligence was made. We agree with Darby.

In order to maintain a conditional water right prior to the amendment of section 37–92–301(4)(a), an owner was required to apply for a finding of reasonable diligence four years after the original decree granting the conditional right was entered and again every four years thereafter. The deadlines for the subsequent filings were determined by reference to the date of the original decree. The deadlines were not extended to account for any delay in the entry of a decree finding reasonable diligence, as would necessarily occur when an application was contested. As a result, less than the statutory four years would often elapse before the next application was due. In the worst case, when objections were not resolved within four years, the next application was due before a final decree was entered on the previous application.

A plain reading of the statute indicates that the amendment shifted the point from which the deadline for the filing is determined from the date of the original decree to the date of the most recent decree. *See* § 37–92–301(4)(a). If we were to interpret the 1990 amendment as merely extending the filing period from four to six years, the additional changes in the statutory language would have no effect. The amendment reflects the intent of the General Assembly to change the method of determining the filing deadline. In *Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136, 1142 & n. 5 (Colo.1985), we stated that "section 37–92–301(4) can be characterized as in the nature of a statute of limitations." Under a statute of limitations analysis, the period during which the reasonable diligence application must be filed begins to run from the entry of the most recent decree, rather than from the date of the original decree.

Even assuming that the statutory language is not clear, the legislative history supports our interpretation of section 37–92–301(4)(a).[1] In introducing S.B. 90–13

---

1. Hearings were held by the House and Senate to determine the effect of the enactment of S.B. 90–13 upon the section 37–92–301 reasonable diligence filing requirements. *See Hearings on S.B. 13 Before the House Committee on Agriculture, Livestock, and Natural Resources,* 57th Gen. Assembly, 2d Sess. (Feb. 28, 1990); *Hearings on S.B. 13 Before the Senate Committee on Agriculture, Natural Resources, and Energy,* 57th Gen. Assembly, 2d Sess. (Jan. 16, 1990). Three witnesses at the hearings testified that according to their understanding, the bill would not only change the reasonable diligence filing period from four to six years, but would also change the date from which the period is calculated to the date of the previous decree. There was no testimony to the contrary at either hearing. John Carlson of the Colorado Water Congress stated that the proposed legislation would change the four-year reasonable diligence filing period to a six-year period that would run from the date of the court's decree. *Hearings on S.B. 13 Before the Senate Committee on Agriculture, Natural Resources, and Energy,* 57th Gen. Assembly, 2d Sess. (Jan. 16, 1990). Carlson stated that this change would avoid litigation on a subsequent diligence application while final action was still pending on the previous applica-

Senator McCormick stated that the amendments were meant to ease the economic burden of the "four-year finding of reasonable diligence." *Hearings on S.B. 13 Before the Senate Committee on Agriculture, Natural Resources, and Energy,* 57th Gen. Assembly, 2d Sess. (Jan. 16, 1990).

This court has stated that "[t]he purpose behind section 37-92-301(4), C.R.S. (1973), is to prevent the accumulation of conditional water rights without diligent efforts to complete the projects to the detriment of those needing and seeking to make immediate beneficial use of the same water." *Colorado River Water Conservation Dist. v. City & County of Denver,* 640 P.2d 1139, 1141 (Colo.1982). The water court expressed concern that if the amendment was construed so that the time period for the filing for reasonable diligence begins to run from the entry of the most recent decree,

> one could wait until the very last day under the diligence period to file an application for due diligence, delay the case as long as possible and then be given an additional six years before being required to file another application for due diligence. With careful planning, one could "tie up" water for an almost indefinite period of time without applying it to beneficial use.

We do not agree with the water court. As we stated in *Trans-County Water, Inc. v. Central Colorado Water Conservancy Dist.,* 727 P.2d 60, 64 (Colo.1986),

> To obtain a finding of reasonable diligence, the holder of the right must prove continuous, project-specific effort directed toward the development of the conditional right commensurate with his capabilities. Reasonable diligence must be evidenced by reasonable progress in the development of the conditional appro-

priation in the most expedient and efficient manner.

Accordingly, we reverse and remand to the water court with directions to amend the order by striking September 1992 and inserting October 1996.

VOLLACK, J., does not participate.

tion. *Id.* Another speaker referred to "the initiation of the new diligence period beginning with the date of decree for a previous period," stating that this portion of the amendment "would take care of the problem of overlapping diligence applications." *Id.* (statement of Gary Bishop, Rocky Mountain Oil & Gas Ass'n). A representative of the Northern Colorado Water Conservation District, also made reference to the change in the date the diligence period begins, stating that "it makes a lot of sense ... going from four to six [years] and making sure the decree is there before you have to go to the next diligence period." *Id.* (statement of Fred Anderson, Northern Colorado Water Conservation District).