In the Matter of the Application for WA-TER RIGHTS OF DOUBLE RL COMPANY IN the UNCOMPAHGRE RIVER, OURAY COUNTY.

Double RL Company, Applicant–Appellant,

v.

Telluray Ranch Properties, Appellee,

and

Wayne Schieldt, Division Engineer, Water Division No. 4., Appellee Pursuant to C.A.R. 1(e).

No. 01SA273.

Supreme Court of Colorado, En Banc.

Sept. 23, 2002.

Johnson Repucci & Berg LLP, Richard A. Johnson, Stephen C. Larson, Boulder, Colorado, Attorneys for Applicant–Appellant.

No Appearance by or on behalf of Appellee Telluray Ranch Properties.

No Appearance by or on behalf of Appellee Wayne Schieldt, Division Engineer, Water Division No. 4.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this case we hold that without first providing notice of the cancellation to the owner of the right as required by section 37–92–305(7), 10 C.R.S. (2002), the water court may not cancel a conditional water right when the holder fails to file a timely application for a finding of reasonable diligence within the time prescribed by statute.

Double RL Ranch, located in Ouray County, held a conditional water right of .033 c.f.s. for domestic use. The water court canceled Double RL's conditional water right after Double RL failed to file an application for a finding of reasonable diligence before the statutory deadline. However, the water court failed to provide notice of the cancellation as required by statute.

Upon reconsideration of the cancellation order by motion of Double RL, the water court affirmed the cancellation and deemed Double RL's right abandoned.

Double RL directly appeals the judgment of the water court. We reverse the judgment of the water court and direct it to reinstate Double RL's conditional water right and permit it to file an application for a finding of reasonable diligence.

## II. Facts and Proceedings Below

In 1994, Double RL was granted a decree for a conditional water right to divert water from a seep area located on the Double RL Ranch in Ouray County. The seep is tributary to Dallas Creek and the Uncompahgre River. The conditional right of .033 c.f.s. was decreed for domestic purposes with an adju-

dication date of December 31, 1992 and an appropriation date of February 28, 1992. The water court sent Double RL's attorney and custodian of documents, Richard P. Tisdel, a copy of the conditional decree. Mr. Tisdel passed away between 1994 and 2000.

While reviewing the status of its water rights, Double RL obtained a copy of the 1994 decree from the water court in May 2001. At that time, Double RL learned that its application for a finding of reasonable diligence was over a year past due. In accordance with section 37–92–301(4)(a)(I), 10 C.R.S. (2002),[1] the decree mandated that Double RL file an application for a finding of reasonable diligence by February 2000 to maintain the conditional water right. Because Double RL failed to file the required diligence application by February 2000, in keeping with section 301(4)(a)(I), the water court canceled Double RL's conditional water right on May 29, 2001.

Section 37–92–305(7), 10 C.R.S. (2002)[2] requires that before a conditional water right may be canceled, the water court must provide notice of the pending cancellation to the owner of the right. The water court's cancellation order of May 29 does not address the issue of notice. Double RL contends that it never received notice prior to the cancellation of its conditional water right by the water court.

On June 18, 2001, Double RL moved the water court to vacate the order canceling its water right and to allow Double RL to file a belated application for a finding of reasonable diligence. Subsequently, the water court denied Double RL's motion and deemed the conditional water right abandoned and canceled. The water court's order states that there is no evidence in the court's file that the water court sent notice of cancellation to Double RL or its attorney. Likewise, there is no evidence on file with Mr. Tisdel's law firm that he received notice of cancellation on behalf of Double RL.

Double RL directly appeals the water court's cancellation of its conditional water right to this court.

## III. Analysis

### A. Interpretation of Sections 37–92–301(4)(a)(I) and 37–92–305(7)

■ This case presents a question of statutory interpretation. Double RL argues that the water court improperly interpreted sections 301(4)(a)(I) and 305(7) when it denied Double RL's motion to vacate the order canceling its conditional water right. It argues that the water court's decision considers only the mandate of section 301(4)(a)(I) and ignores the notice of cancellation provision of section 305(7).

■ When interpreting a statute, the court must determine and give effect to the legislature's intent. *Office of Consumer Couns. v. Pub. Utils. Comm'n*, 42 P.3d 23, 27 (Colo.2002). If the plain language of the statute clearly expresses the legislative intent, then the court must give effect to the ordinary meaning of the statutory language. Similarly, the court should avoid interpreting a statute in a way that defeats the obvious intent of the legislature. *Id.* If the statute is ambiguous, unclear, or subject to alternative constructions, then the court may turn to the legislative history for guidance. § 2–4–203(1)(c), 1 C.R.S. (2002); *City of Aurora v. Bd. of County Comm'rs*, 919 P.2d 198, 200 (Colo.1996). A statute must be read and considered as a whole. Each part of the statute must be given consistent and harmonious effect. *Office of Consumer Couns.*, 42 P.3d at 27.

---

1. Section 37–92–301(4)(a)(I) provides:

   In every sixth calendar year after the calendar year in which a water right is conditionally decreed, or in which a finding of reasonable diligence has been decreed, the owner or user thereof, if such owner or user desires to maintain the same, shall file an application for a finding of reasonable diligence, or said conditional water right shall be considered abandoned.

2. Section 37–92–305(7) provides:

   Prior to the cancellation or expiration of a conditional water right granted pursuant to a conditional decree, the court wherein such decree was granted shall give notice, within not less than sixty days nor more than ninety days, by certified or registered mail to all persons to whom such conditional right was granted, at the last-known address appearing on the records of such court.

Section 301(4)(a)(I) was enacted in 1969 as part of the Water Right Determination and Administration Act. *Bar 70 Enters., Inc. v. Highland Ditch Ass'n*, 694 P.2d 1253, 1254 (Colo.1985). This section requires that to maintain a conditional water right, the owner of the right must file an application for a finding of reasonable diligence every six years from the date the conditional water right is decreed.[3] If the owner fails to file the application, then the conditional water right "*shall* be considered abandoned" and will be canceled by the court. § 37–92–301(4)(a)(I) (emphasis added).

We have treated the deadline for filing an application for a finding of reasonable diligence as a statute of limitations. *Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136, 1142 (Colo.1985). Our decisions have strictly construed the language in section 301(4)(a)(I) to mean that if the deadline is missed, then the conditional right is automatically canceled. *Id.* In *Town of De Beque v. Enewold*, 199 Colo. 110, 116, 606 P.2d 48, 52 (1980), this court quoted and upheld a trial court ruling that stated, " '[t]he language of ... [section 37–92–301(4)] with respect to the effect of failure to file an application for a finding of reasonable diligence within the prescribed time is clear and unequivocal: ... said conditional water right shall be considered abandoned.' " In *Bar 70 Enterprises*, 694 P.2d at 1256, this court held that when an owner files an application for a finding of reasonable diligence four days after the deadline, the "conditional water right is considered abandoned, and therefore terminated." *See also In re Simineo v. Kelling*, 199 Colo. 225, 228, 607 P.2d 1289, 1291 (1980).

In 1975, six years after the enactment of section 301(4)(a)(I), the General Assembly enacted section 305(7). This section mandates that before cancellation or expiration of a conditional water right, the water court "*shall* give notice ... by certified or registered mail to all persons to whom the condi-

tional water right was granted, at the last-known address appearing on the records of such court."[4] § 37–92–05(7) (emphasis added). Section 305(7) does not mention section 301(4)(a)(I) and is silent regarding what should happen if the conditional water rights owner does not file an application for a finding of reasonable diligence during the statutory period and the water court has not given notice of cancellation or expiration of the conditional water right.

## B. Legislative History of Section 37–92–305(7)

No Colorado court has considered the impact of section 305(7) on the six-year deadline contained in section 301(4)(a)(I). In each of the cases cited above in which this court has strictly construed the deadline of section 301(4)(a)(I), the owner of the conditional right had either received notice or the right was canceled before section 305(7) became effective.

The plain language of the later-enacted notice statute, section 305(7), does not indicate what consequences the legislature intended if the water court does not provide notice and the holder of the right does not file an application for a finding of reasonable diligence in a timely manner. When read together, these statutes create a logical disconnect when the owner allows the six year filing deadline to pass and the water court has not given notice of cancellation. One statute requires the water court to terminate the conditional right, while the other prohibits its cancellation or expiration of the right without prior notice. Because the intent of the legislature is unclear in this setting from the words of section 305(7), we look to the legislative history of the statute.

Although the legislative history is scant, it reveals that the legislature intended, without exception, that the person awarded the conditional water right decree will receive notice

---

3. In 1969, the time limit was two years. It was later amended to four years and now stands at six years. *Town of De Beque v. Enewold*, 199 Colo. 110, 116, 606 P.2d 48, 51 (1980).

4. It is important to note that the notice required by section 305(7) is notice that the water court

intends to cancel the conditional water right. The statute does not require that the water court notify the owner of the conditional right that its application for a finding of reasonable diligence is due.

at his or her last known address appearing on the court's records before the water court cancels the right or it expires. Senator Dan Noble, supporter of the bill that was later enacted as section 37–92–305(7), stated that because water is such an important resource, the owner of the conditional right should not lose this right before notice of cancellation or expiration is sent by registered mail.

> [P]robably one of the most important resources in our state is water, and to have someone lose their water rights just by the fact that they hadn't been notified is a pretty tragic thing, and so all this is doing is to set up, before cancellation or expiration of a conditional water right is made, is that there will be a notice by registered mail.

*An Act Concerning Water Rights, and Providing for a Notice of Expiration to Conditional Water Rights Holders: Hearing on S.B. 285 Before the House Agriculture Committee,* 1975 Leg., 50th Sess. (Colo.1975) (statement of Sen. Dan D. Noble).

■ Applying the principle that we must consider the statute as a whole and give weight to each part, we must consider section 301(4)(a)(I), which mandates that the holder of the conditional water right file an application for a finding of reasonable diligence within six years in conjunction with section 305(7), the notice statute. Both sections 301(4)(a)(I) and 305(7) use the word "shall" and are therefore mandatory. If section 301(4)(a)(I) is applied, as it was in this case, without the required notice of section 305(7), such an application would render the notice provision of section 305(7) inoperative to accomplish the legislative intent of preventing loss of a conditional water right. The only interpretation that provides harmonious effect to the language and legislative intent of both section 301(4)(a)(I) and section 305(7) is to require that the water court provide notice to an owner of a conditional water right before the right expires or is canceled—even when the holder of the right fails to file within the statutory time period an application for a finding of reasonable diligence. The water court's failure to give notice only extends the time period in which the diligence application may be filed. It does not relieve the applicant of its burden to prove that reasonable diligence occurred during the six year diligence period. *See also Dallas Creek Water Co. v. Huey,* 933 P.2d 27, 36–37 (Colo.1997).

■ Therefore, we hold that the water court may not cancel a conditional water right and the conditional water right does not expire without first providing notice of cancellation or expiration under section 305(7).

### C. The Water Court Failed to Provide Double RL with Statutory Notice of Cancellation and Therefore Improperly Canceled Double RL's Conditional Water Right

In the present case Double RL contends, and the water court does not contest, that the water court failed to provide Double RL with the required statutory notice that Double RL's conditional water right would expire or be canceled. Although Double RL failed to file its application for a finding of reasonable diligence within the statutory period, the legislative intent of section 305(7) convinces us that the water court improperly canceled Double RL's water right.

■ We note that the fact that Double RL received notice in the initial decree that it had until February 2000 to file its application for a finding of reasonable diligence does not lead us to reach a different result. Notice contained in the original decree, that the diligence application is due by a certain date, differs from the statutory notice of cancellation or expiration mandated by section 305(7).

### IV. Conclusion

For the reasons discussed, we reverse the judgment of the water court canceling Double RL's conditional water right and direct the water court to allow it to file an application for a finding of reasonable diligence.